Green v. Palmer.

## GREEN v. PALMER et al.

In an action for the seizure and conversion of a bag of gold coin, the complaint, after the usual averments, went on to detail the manner of the seizure, with the incidents occurring on the street at the time, and everything done by defendants, plaintiff and the " crowd," relating to or constituting the evidence of the wrongful conversion ; *Held*, that this narration should have been stricken out, on motion, as irrelevant and redundant matter.

Under our system of pleading, facts only must be stated. This means the facts, as contradistinguished from the law, from argument, from hypothesis, and from the evidence of the facts.

Those facts, and those only, must be stated, which constitute the cause of action, the defense, or the reply.

Each party must allege every fact which he is required to prove, and will be precluded from proving any fact not alleged; and he must allege nothing affirmatively which he is not required to prove. Negative allegations, however, are frequently necessary, though they are not to be proved.

If every fact essential to the claim or defense be not stated, the adverse party may demur; and if any fact not essential to the claim or defense—in other words, any except *issuable facts*, be stated, the adverse party may move to strike out the unessential parts.

An unessential, or, what is the same thing, an immaterial allegation, is one which can be stricken from the pleading without leaving it insufficient, and need not be proved or disproved. Whether an allegation be material, may be determined by the question, " Can it be made the subject of a material issue ? " In other words, " If it be denied, will the failure to prove it decide the case in whole or in part ?" If it will not, then the fact alleged is not material.

All statements in a pleading must be concisely made, and when once made, must not be repeated.

Plaintiff was walking along the street with a bag of gold coin in his hand. Two of defendants, a deputy Sheriff and Constable, seized him, and by force took the bag of coin from him. Plaintiff sues for the seizure and conversion of the coin. Defendants gave in evidence three judgments and executions, in favor of three of their number, and against Alfred A. Green, brother of plaintiff, and offered to prove that the bag of coin was the property of Alfred, and was seized under these executions, and applied to their satisfaction. The Court excluded the proof. *Held,* that such exclusion was erroneous; that plaintiff could claim no exemption from the seizure of coin held, as this was, in his hand, as he might, perhaps, in reference to money upon his person. The coin in the hand was, like a horse held by the bridle, subject to seizure on execution against its owner.

APPEAL from the Twelfth District.

Defendants, Palmer, Cook, Jones and Wright, composing the firm of Palmer, Cook & Co., and Parker, and Frank Baker, having in their favor, respectively, judgments against Alfred A. Green, brother of plaintiff, caused executions to be issued, and placed in the hands of defendant Uhrig, deputy Sheriff, and defendant Barry, Constable. It being understood that the brothers Green were to receive a large amount of money, at a certain banking house in San Francisco, in payment of certain pueblo papers, these officers, as also said Jones, stationed themselves near said banking house. About three o'clock in the afternoon, plaintiff came out of the banking house into the street with a bag of gold coin, carrying the bag in his hand. Uhrig and Barry at once seized the bag, and tried to wrest it from plaintiff, who resisted, and called for help. The officers, though unable to get the bag away from plaintiff, still held on to it. A "crowd" collected. After some altercation, partly by force, partly by advice of bystanders, plaintiff went with the officers to the Sheriff's office, plaintiff all the time, and they most of the time, holding on to the bag of coin. Arriving at the Sheriff's office, defendant Harrison, under Sheriff, with the other officers, forced the bag from plaintiff, and applied the money to the satisfaction of the several executions named. Of the plaintiffs in the executions, Jones alone seems to have taken any active part in the proceedings.

Defendants, mainly, justified under the executions, claiming the coin to be the property of the defendant in the several executions. The verdict was in favor of some of the defendants, others were discharged; and in favor of plaintiff against Uhrig, Harrison, Barry, and Jones. Judgment accordingly. Defendants appeal.

Green v. Palmer.

*Heydenfeldt,* for Appellants.

1. The narrative portion of the complaint was irrelevant and redundant, and should have been stricken out.    (*Brown* v. *Sheldon,* 5 Sandf. 660 ; *Woods* v. *Morrell,* 1 Johns. Ch. 103.)

2. The Court erred in rejecting evidence that Alfred A. Green, the defendant in the executions, and not plaintiff, owned the money.    (*Bennett* v. *Allcott,* 2 T. R. 166 ; *Ropps* v. *Baker,* 4 Pick. 239 ; 2 Greenl. Ev. 244, and cases cited; *Squire* v. *Hollenbeck,* 9 Pick. 551 ; 3 Id. 368 ; *City of Lowell* v. *Parker,* 10 Met. 309 ; *Kaley* v. *Shed,* Id. 317 ; *Higgins* v. *Whitney,* 24 Wend. 379 ; *Stewart* v. *Martin,* 16 Vt. 397 ; Pr. Act, sec. 120, 217 ; *Holmes* v. *Newcastle,* 12 Johns. 295, and cases cited; *Turner* v. *Fendall,* 1 Cranch. 133.)

By the common law, nothing that was in " actual use " could be distrained for rent—the point was the actual use, and not the fact of its being in the hands, or in the pocket.   The ground of the rule was not the idea of personal sanctity, but to prevent breaches of the peace. The rule was more restrained as to distress than as to levy upon execution.   (*Hutchins* v. *Chambers,* 1 Burr. 579.)

*William Duer,* for Respondents.

I.   The defendants having illegally taken the money from the possession of the plaintiff, they are bound to restore it, and cannot set up any title to the same.   (*Champion* v. *White,* 6 Adol. & Ellis, 407 ; *Kirby* v. *Denby,* 1 M. & W. 336 ; *Duke of Brunswick* v. *Slowman,* 8 Mann. Gr. & Scott, 317 ; Sedg. on Dam. 521, 522 ; 3 Steph. *Nisi Prius,* 2647.)

The principle upon which the above cited authorities proceed, is well stated by Lord Denman, in the first cited case : " A person who takes on himself to extort money by an authority which he does not possess, must repay the money which he receives thereby."

II.   An execution against property does not authorize an arrest of the person.   This is too obvious for argument.   It will not even justify breaking into a house.   (See *Duke of Brunswick* v. *Slowman, ubi supra*; 3 Black. tom. of note ; 1 Chitt. Plead. 171 ; Bac. Abr. Distress ; '12 J. R. 296 ; 4 Vt. 513 ; Drake on Attach. 9237.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

The complaint, in this case, as a pleading, has no precedent, and, we trust, will, never serve as one.   It is stuffed full of irrelevant matter— suggestions, charges and statements, which subserve no useful purpose, and are only calculated, when read to the jury, to excite prejudice against the defendants.

The action is for the seizure and conversion of a bag of gold coin, of the value of $4,000, alleged to be the property of the plaintiff. After the usual, and the only necessary averments as to the plaintiff's ownership and possession of the property, its value, and its forcible seizure by the defendants, and its conversion to their use to his dam- age, the complaint proceeds to detail the manner in which the seizure was made, with the incidents occurring on the street, and everything done by the defendants, the plaintiff and the " crowd," relating to or constituting the evidence of the wrongful conversion.   All this narra- tion should have been stricken out, as irrelevant and redundant matter, and the Court erred in refusing the motion made for that purpose. The rules of pleading, under our system of practice, are very sim- ple, and can be readily followed ; yet we find, in numerous instances before us, pleadings filled with recitals, digressions and stories, which only tend to prolixity and obscurity.   We extract from a manual, writ- ten by one of the commissioners engaged in framing the New York code, some rules of pleading, with the observations of the writer thereon, as expressive of our views as to what should be stated in the pleadings under our Practice Act.   The greater portion of the Prac- tice Act, it is known, is taken from that code.   We omit the first rule given in the manual, and commence with what is there desigated as the second :

" *First Rule.*—Facts only must be stated. This means * * the facts, as contradistinguished from the law, from argument, from hypothesis, and from the evidence of the facts.   A legal inference or conclusion from the facts should not be stated; that is not the province of the plead- ings under our system, which is to develop the facts.   To apply the law to the facts, that is, to draw thence legal inferences or conclusions, is the province of the Court.   Argument in a pleading is equally inap- propriate, for that is to be made orally before the Court when the facts are developed.   Hypothetical statements are improper, for the Court is to deal not with hypothetical cases, but with the facts of the case in hand.   The defendant's pretenses are equally improper, as they are not the facts of plaintiff's case.

" The *facts* must be carefully distinguished from the *evidence* of the facts. The latter pertains to the trial, and has no place in the pleadings. But, inasmuch as the evidence is but a series of facts, it has sometimes been thought difficult to distinguish between the greater facts which ought to be set forth in a pleading, and those other and lesser facts which go to prove the former. There ought, however, to be no embarrassment on the part of any lawyer who has ever framed or who understands special verdicts. These have been long known; and the rule is as old as their existence, that they must contain the facts found, and not the evidence to prove them."

" The next rule, however, will give us a satisfactory test by which to distinguish the facts from the evidence :

"*Second Rule.*—Those facts, and those only, must be stated which constitute the cause of action, the defense, or the reply.

" Therefore, *first,* each party must allege every fact which he is required to prove, and will be precluded from proving any fact not alleged.

" For example, when a writing is by the Statute of Frauds made necessary to the validity of a contract, the writing must be averred, that being one of the facts necessary to constitute a cause of action.

" The plaintiff, on his part, must allege all that he will have to prove to maintain his action ; the defendant, on his part, all that he must prove to defeat the plaintiff, after the complaint is admitted or proved.

" *Second,* he must allege nothing affirmatively which he is not required to prove.

" This is sometimes put in the following form, that is to say, ' that those facts, and those only, should be stated which the party would be required to prove.' But this is inaccurate, as negative allegations are frequently necessary, and they are not to be proved ; as, for example, in an action on a promissory note, the plaintiff must allege, not only the making of the note, but that it has not been paid. The rule, however, applies to all *affirmative* allegations, and thus applied, is universal. No matter what averments were held to be necessary in the former scheme of pleading, nothing of an affirmative character is now necessary beyond what the party must prove. For instance, it is enough to allege that the defendant published a libel of the plaintiff, without adding that he did it falsely or maliciously ; the falsehood being presumed, and the malice being inferred from the falsehood.

" It must be recollected, then, in the first place, that every fact essen-

tial to the claim or defense should be stated. If this part of the rule be violated, the adverse party may demur.

" In the second place, that nothing should be stated which is not essential to the claim or defense, or in other words, that none but *issuable facts* should be stated. If this part of the rule be violated, the adverse party may move to strike out the unessential parts.

" What is and what is not essential, an uninstructed person might not readily discover; but a lawyer ought not to be in doubt. An unessential, or what is the same thing, an immaterial allegation, is one which can be stricken from the pleading without leaving it insufficient, and of course, need not be proved or disproved.

" The following question will determine, in every case, whether an an allegation be material, ' Can it be made the subject of a material issue ?' In other words, ' If it be denied, will the failure to prove it decide the case in whole or in part?' If it will not, then the fact alleged is not material; it is not one of those which constitute the cause of action, defense, or reply.

" To illustrate this, let us suppose an ultimate fact, upon the establishment of which the claim or defense depends, and that the establishment of this fact depends upon the establishment of three or four prior facts, which being established prove this. It is the ultimate fact, and not the prior or probative facts, which should be set forth. As, for example, in an action upon the covenants of a deed ; the execution and delivery of the deed are ultimate facts, upon which the claim depends. When these come to be proved, it may appear, perhaps, that the deed was delivered first in escrow, till the performance of certain conditions by the grantee; that these were afterward performed, and then the delivery became absolute. These, however, are circumstances which, though they appear in proof, should not be pleaded.

" Or take the case of an action for land, where the question is one of boundary. The point in issue is, whether the defendant is in possession of plaintiff's land; that being affirmed by the plaintiff and denied by the defendant. It would be out of place for either party to insert in his pleading a correspondence respecting the dividing fence, or the acts of the parties toward a practical location, because, however important these might be in evidence, they might not determine the cause ; since, if the correspondence or the practical location were disproved, the question of the true boundary, according to the deeds, would still remain.

Green *v.* Palmer.

" If in an action for a libel the defendant justifies, he must allege the truth of the charge, not the defendant's admissions tending to prove the truth, since the admissions might be disproved, and yet the charge be true.

" So in an action upon a mortgage, if the defense be payment, the *fact* of payment must be alleged, not the *evidence* of the plaintiff's admission that it had been paid, since there may have been no admission, but nevertheless a payment.    *    *    *    *    *

" It results, then, from what has been stated, under the present rule, first, that the pleader must insert in his pleading whatever he is to prove; secondly, that he must insert no affirmative allegation which he is not to prove; and thirdly, that what he does insert must be decisive of some part of the cause, one way or the other.

"*Third Rule.*—All statements must be concisely made, and when once made, must not be repeated.

"——— * * There was never a greater slander upon the code than to say that it permits long pleadings. On the contrary, it enjoins conciseness everywhere; and if in any pleading that was ever written under its rule there be an unnecessary word, it was put there in disregard of its provisions. Nor is possible to frame or conceive of a system proceeding upon the idea of disclosing the facts of the case, which could require greater conciseness than is here required. If pleadings are not to set forth the real claim and defense, they are useless, and had better be dispensed with. A summons to appear before the Court and jury on a particular day, to try the rights of the parties on a particular subject, would be just as useful. But if a pleading is to be a statement of the claim or defense, can the wit of man contrive to make it briefer than a concise statement of the facts? If an immaterial statement be inserted, or even an unnecessary word, the Courts have the power to strike it out.

" To avoid repetition, as well as to obtain conciseness, logical order is necessary. There are persons who are incapable of making a logical statement of anything; and such persons will be bad pleaders under the code. But a man of education, as every lawyer is supposed to be, ought to have no difficulty in setting forth any occurrence in its logical, which is its natural order. And if he does this, and sets forth only the facts on which his case hinges, and uses no more words than are necessary, we shall have brevity and substance, and hear no more of long pleadings, unnecessary recitals, or immaterial averments."

On the trial, the defendants gave in evidence certain judgments recovered against one Alfred A. Green, a brother of the plaintiff, and the executions issued thereon, and offered to prove that the bag of gold coin, for the seizure and conversion of which the action is brought, was his property, and was seized under these executions, and applied to their satisfaction.   The Court excluded the proof, and its ruling in this matter was clearly erroneous.   The coin was contained in a bag, which was held by the plaintiff in his hand, and from its seizure thus situated the plaintiff could not claim any exemption, as he might, perhaps, do in reference to money upon his person.   Thus situated, it was like a horse held by its bridle, subject to seizure under execution against its owner.

The judgment entered against the appellants must be reversed, and the cause remanded for a new trial as to them ; and it is so ordered.