TERRITORY ex rel. BLAKE, respondent, *v.* VIRGINIA ROAD CO., appellant.

SUFFICIENCY OF COMPLAINT.  This court can inquire at any time into the sufficiency of the complaint to support the judgment which has been entered thereon.

COMPLAINT IN ACTIONS FOR USURPATION OF A FRANCHISE.  In this action the complaint alleged that defendant, for more than three years, used certain franchises, which were specified; that defendant, during this time, usurped said franchises; that defendant claims the right to use said franchises, under an act of the legislative assembly of the Territory, entitled "An act to incorporate the Virginia City and Summit City Wagon

Road Company," approved January 27, 1865; that said right of defendant was without warrant, grant or charter, and that defendant had forfeited said right by its failure to comply with said act, and maintain and keep in repair its toll-road. *Held*, that this complaint is sufficient at common law and under the Civil Practice Act.

SAME — *allegation of incorporation.* The sixty-first section of the Civil Practice Act, approved December 23, 1867, provided that "In pleading a private statute, or a right derived therefrom, it shall be sufficient to refer to such statute by its title and the day of its passage, and the court shall thereupon take judicial notice thereof." *Held*, that said act of incorporation was made a part of said complaint by said reference, and the court must find that defendant is a corporation. *Held*, also, that said complaint should not contain any other allegation that defendant is a corporation.

STATUTORY REMEDY FOR USURPATION — *private remedy.* The eighth section of said act of incorporation gives persons the right to make complaints of the bad condition of the defendant's road, before a justice of the peace, and prescribes fines and other penalties against defendant for a failure to keep its road in good repair. *Held*, that this remedy does not modify the common-law and statutory remedy for the usurpation of a franchise by defendant. *Held*, also, that defendant subjects its franchise to forfeiture, upon its failure to keep its road in good condition.

GRANTS OF FRANCHISES. Grants by the legislative assembly, which confer franchises, are contracts between the sovereign power of the Territory and private citizens, upon certain conditions precedent, which must be complied with.

PLEADING IN QUO WARRANTO AND ACTIONS FOR USURPATION. The fifth chapter of the eighth title of the Civil Practice Act, approved December 23, 1867, which provides for actions for the usurpation of a franchise, is the same in effect as the common law relating to informations in the nature of *quo warranto;* and the sufficiency of a complaint for the usurpation of a franchise is determined by the rules of the common law.

COMMON LAW IN FORCE. The common-law remedies remain in force in the Territory, if they have not been abolished by the statutes.

QUO WARRANTO — *redress of public wrongs.* The first section of the Civil Practice Act, approved December 23, 1867, which provides that there shall be "but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs," does not apply to informations in the nature of *quo warranto*, which are solely employed to enforce or protect public rights, and redress or prevent public wrongs.

### *Appeal from First District, Madison County.*

THIS action was tried by a jury, and the judgment was rendered by SERVIS, J.

The act of incorporation of appellant is printed in Sts. 1865, 604. The provisions of the Civil Practice Act, approved December

23, 1867, which are referred to in the opinion, are contained in the Civil Practice Act, approved January 12, 1872.

J. G. Spratt, Toole & Toole and Page & Coleman, for appellant.

The complaint does not state a cause of action. The complaint raises only one question, the existence of appellant as a corporation. It says the corporation has had no existence for three years, and prays that it may be brought into court and excluded from the use of privileges, which have not been used over three years. Respondent has mistaken his remedy. The action should be against the representatives of the dead corporation.

The persons assuming to be the corporation, when none exists, must be sued and not the corporate name. Dill. on Corp., § 719 ; *King* v. *Cusacke*, 2 Roll. 113 ; *People* v. *Richardson*, 4 Cow. 109. The complaint is in conflict with those authorities. *Rex* v. *Saunders*, 3 East, 119.

An information in the nature of *quo warranto* will not lie against a *de facto* corporation in its assumed corporate name. *State* v. *Cincinnati G. Co.*, 18 Ohio St. 262 ; A. & A. on Corp. 865.

The complaint is defective in not alleging a total nonuser, and that the road was out of repair when the suit was brought. *People* v. *Bank of Niagara*, 6 Cow. 210 ; *People* v. *Bank of Hudson*, id. 218 ; *Commonwealth* v. *Ins. Co.*, 5 Mass. 230.

This proceeding is governed by our Civil Practice Act, the same as other civil actions.

The eighth section of the charter points out the remedy for acts of nonuser, and *quo warranto* to forfeit the corporation is not authorized. A. & A. on Corp., § 710.

The evidence does not justify the verdict. The allegations of the complaint are confined to nonfeasance. A single act of nonfeasance will not work a forfeiture of the charter, unless it is proved to be willful. *People* v. *B. & R. Turnpike*, 23 Wend. 222 ; *Bank Com.* v. *Bank of Buffalo*, 6 Paige, 497.

If the nonfeasance is not continued up to the commencement of the proceeding, or has ceased before that time, or is not an existing danger to the community, it is not a good cause of forfeit-

ure.   *State* v. *Essex Bank,* 8 Vt. 489 ; *State* v. *Manchester Bank,* 13 Sm. & Mar. 569 ; *Carey* v. *Greene,* 7 Ga. 79 ; A. & A. on Corp., § 775.

The testimony shows that the road in controversy was in good repair at the time this action was commenced and several months prior thereto.   There was no evidence of any willful neglect on the part of appellant.

The proceeding in the nature of an action of *quo warranto* has ceased to be criminal.   The common-law practice relating thereto has been repealed by our Code.   2 Bouv. L. Dict. 405 ; 1 Estee's Pl. 22, 207 ; Civ. Pr. Act, §§ 1, 47, 48, 49, 359.

S. WORD and H. N. BLAKE, District Attorney, First District, for respondent.

This action is brought under the fifth chapter of the Civil Practice Act.   Stats. 1867, 197, §§ 310–316.

The complaint states facts sufficient to constitute a cause of action.   *People* v. *Richardson,* 4 Cow. 106, 111 ; *People* v. *Utica Ins. Co.,* 15 Johns. 362 ; *People* v. *Kingston M. T. R. Co.,* 23 Wend. 194 ; *People* v. *Bristol & R. T. Co.,* id. 221 ; *People* v. *Hillsdale & C. T. Co.,* id. 253 ; *Thompson* v. *People,* id. 537, 703 ; *Commonwealth* v. *Tenth M. T. Co.,* 5 Cush. 509 ; A. & A. on Corp., §§ 756, 776 ; *People* v. *Bank of Niagara,* 6 Cow. 196.

The long-continued neglect of appellant to repair the road was a violation of the conditions of the charter and a cause of forfeiture.   A. & A. on Corp., § 776 ; *People* v. *Hillsdale & C. T. Co.,* 23 Wend. 253.

Appellant insists that this is an action against persons assuming to be a corporation.   It is a proceeding against a corporation for usurping certain franchises, and must be brought against the corporation by its name.   Charter of Appellant ; A. & A. on Corp., §§ 643, 645 ; *People* v. *Richardson,* 4 Cow. 111.

The implied condition of a grant of incorporation is, that the grantees shall act up to the design and end for which they were incorporated.   A. & A. on Corp., § 774 ; *Terrett* v. *Taylor,* 9 Cranch, 51 ; *Dartmouth College* v. *Woodward,* 4 Wheat. 658 ; *People* v. *Manhattan Co.,* 9 Wend. 351.

The proceedings before the justice of the peace, specified in the eighth section of the charter, afford a cumulative remedy. The proceeding by information under the Civil Practice Act is not affected by this section. Cases in 23 Wend., *supra*.

The most that appellant can claim is that the evidence is conflicting. This court cannot disturb the verdict on this ground. *Ming* v. *Truett*, 1 Mon. 322; *Kinna* v. *Horn*, id. 597.

WADE, C. J. This is an action brought by the district attorney of the first district, upon information in the nature of a *quo warranto*, on behalf of the people of the Territory, against the defendant, to compel the defendant to show by what authority it claims to exercise the privileges and franchises of a corporation, and for judgment of forfeiture and ouster. There was a demurrer to the information or complaint, which was sustained in part and in part overruled, to which rulings of the court no exceptions were taken; the plaintiff not amending the pleading but abiding the same, and the defendant was ruled to answer. An issue was formed, trial had, verdict and judgment for plaintiff and appeal to this court.

The appellant now attacks the information or complaint for the reason that it does not state a cause of action; and no exceptions having been taken to the rulings of the court below upon the demurrer, and no question saved as to the sufficiency of the complaint, the inquiry is presented, whether or not the question can be raised in this court for the first time. No exceptions having been saved to the decision upon the demurrer, the complaint stands here precisely the same as if no demurrer had been filed; and we are called upon to determine whether this court can inquire as to the sufficiency of the complaint, the question not having been raised in the court below.

It is well settled that the averments of a pleading and the proofs must correspond, and it therefore follows that perfect proof cannot aid an imperfect averment, and a perfect averment is unavailing if supported by imperfect proof. If, in order to lay the foundation for recovery, the proof must go beyond the complaint, then the complaint is defective, and will not support the judgment. A judgment is the final determination of the rights of the

parties, and must be supported by the pleadings and proofs. If there is a material defect or infirmity in either, the judgment cannot be sustained; and if the defect is in the pleading, the question can be raised at any time, either before or after judgment, or after appeal to this court. The lower courts have not jurisdiction to render judgment in the absence of a cause of action, and it would be equally erroneous for this court to affirm such a judgment. If there is a judgment for the plaintiff, and the complaint shows upon its face no cause of action, the appellate court will reverse the judgment. A judgment by default cannot be rendered upon a bad complaint, and if it was so rendered, upon appeal to this court it would be reversed, for the reason that here, as well as in every stage of the proceeding, the complaint must support the judgment. A bad complaint will not sustain a good judgment, and the question whether or not there is a cause of action alleged can be raised for the first time in this court, for here, as in every other court, the judgment must fail if the foundation upon which it stands is materially defective. *Barron* v. *Frink*, 30 Cal. 486; *Hunt* v. *San Francisco*, 11 id. 258; 1 Chitty's Pl. 411; *Barnes* v. *Hurd*, 11 Mass. 59; *Green* v. *Palmer*, 15 Cal. 411; *Abbe* v. *Marr*, 14 id. 211; *Willson* v. *Cleaveland*, 30 id. 192.

The complaint substantially avers that the defendant, for the period of more than three years prior to the commencement of this action, had used, and still does use, the following liberties, privileges and franchises, to wit: That of being a body politic and corporate, by the name and style of the Virginia City and Summit City Wagon Road Company, and by such name to be capable of making contracts; to sue and be sued; to implead and be impleaded in courts of law and equity in this Territory; to have and use a common seal; to erect a toll-house and toll-gate on said road; to employ a toll-keeper to demand and receive tolls from all persons, wagons, horses, etc., passing over the same; to purchase and hold real and personal property, and sell and convey the same, and claims the franchise to maintain said road for the term of twelve years from and after January 27, 1865, and to collect toll on the same; that all said privileges, liberties and franchises the defendant, during all the time aforesaid, has usurped,

and still does usurp, upon the said plaintiff; that said defendant claims to enjoy and use said franchises, liberties and privileges under and by virtue of an act of the legislative assembly of this Territory, entitled "An act to incorporate the Virginia City and Summit City Wagon Road Company," approved January 27, 1865; that said claims of defendant are without warrant, grant or charter; that during the months of November and December, 1866, and January, February, March, April and May, 1867, said defendant did negligently fail to improve, complete and maintain said road, and keep the same in repair; that during said months the defendant abandoned said road, and the privileges, franchises and liberties, if any, acquired under and by virtue of said act of the legislative assembly; that said defendant negligently permitted said road to fall into such a state that it was rendered dangerous and inconvenient to travelers passing over the same; and then follow averments of like character for the years 1868, 1869, 1870 and 1871.

The answer is a specific denial of the allegations of the complaint, except it admits that the defendant claims to use and enjoy said privileges, franchises and liberties under and by virtue of the act of the legislative assembly mentioned in the complaint, and denies that the same is without warrant, grant or charter.

It is contended upon behalf of the appellant that this is a civil action, and made so by the Practice Act; that the common-law remedy, by information in the nature of *quo warranto*, is by said act abolished, and that the complaint should contain all the averments necessary to constitute a good complaint in a civil action under the Code. It is also contended that this complaint is fatally deficient, because it does not aver that appellant is a corporation; that its allegations are based upon the hypothesis that defendant is not a body politic and corporate, and that it raises only the question of its existence as a corporation; that the claim of the defendant to exercise the rights, privileges and franchises pertaining to the road by the direct terms of the complaint, are without warrant, grant or charter, and that, having none of the attributes of a corporation, at the date of bringing this suit, yet it is charged with various acts of usurpation, omission and commission in its corporate capacity. And it is further contended

that, if the defendant had neither warrant, grant or charter at the date of bringing this action, that is, if it was not a corporation, and had usurped the authority it pretended to exercise, then it could have no *status* in or out of court; that it could neither sue or be sued, and that, if the defendant was not a corporate body, and existed with neither warrant, grant or charter, it was impossible for it to commit any act of usurpation, omission or commission, and hence that the plaintiff has brought this action against an artificial being that did not at the time exist, and prays a judgment of ouster against a nonentity.

In order to solve the questions surrounding this case, it will be first necessary to ascertain what effect the adoption of the Civil Practice Act of this Territory had upon the common-law remedy for usurpations of public offices and franchises. The ancient mode of proceeding was by writ of *quo warranto*, and this old writ is the foundation of the more modern proceeding by information in the nature of *quo warranto*. During the reign of Queen Anne, a statute was passed upon the subject of informations, in the nature of *quo warranto*, in cases of usurpations or intrusions into public offices or franchises, and this statute forms the basis of the remedy in England and the United States at the present day in cases of this character, except where the proceedings have been established, modified or changed by statute.

Did the adoption of our Civil Practice Act by the legislative assembly of this Territory abrogate or abolish the common-law remedy upon this subject? The appellant contends for the affirmative of this proposition, and also that the Practice Act established a civil action for all cases of this kind, and that the complaint in this case, when tested as a complaint in a civil action under the Code, is defective, and hence that the judgment below should be reversed.

The Practice Act, in force at the commencement of this action, provides, section 1: That "there shall be, in this Territory, but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs." It also provides, section 310: "An action may be brought by the district attorney, in the name of the people of this Territory, upon his own information, or upon the complaint of a private

party, against any person who usurps, intrudes into, or unlawfully holds, or exercises any public office, civil or military, or any franchise within his district in the Territory." This, and the following six sections, contain all the provisions of our statute in relation to usurpations, intrusions into or unlawfully holding public offices or franchises; and this statute, to all intents and purposes, is but a re-enactment of the common law upon the same subject, and in the absence of any such statute by virtue of the common law, in this Territory, the remedy for this character of cases would still have been perfect and complete. And even if our statute had provided a new remedy, and a new mode and form of proceeding in this character of cases, still the common-law remedy would have remained in full force, unless the statute, in direct terms, abolished it, and this by virtue of a very old and a very sound rule of interpretation, that " a statute in the affirmative, without negative words, does not take away the common law; " and, recognizing this principle, the legislature of New York State, when they adopted a Code of Civil Procedure, directly, and in unmistakable terms, abolished the common-law remedy of *quo warranto*, while the legislature of Ohio, when adopting a Code for that State, expressly saved it.

Our law being but the common-law remedy reduced to the form of a statute, let us examine the question as to how and wherein our Civil Practice Act has affected the pleadings and mode of proceedings in this action. Informations in the nature of *quo warranto* are always of a public character, wherein the people, the State or the Commonwealth are interested, and this form of action and proceeding can never be resorted to to redress a private wrong or for the enforcement of a private right. And if the action which the district attorney, by virtue of section 310, is authorized to bring on behalf of the people is a civil action, it is made so by virtue of the first section of the act, but this first section only provides a civil action for the enforcement and protection of *private* rights and redress for *private* wrongs; and if informations in the nature of *quo warranto* do not and cannot, in any manner, affect *private* rights and wrongs, then this section of the Practice Act has no control whatever over this action or proceeding.

It has long been settled, indeed the proposition was never disputed, that proceedings upon information in the nature of *quo warranto* to inquire by what authority a person holds an office or a franchise, were and are *alone* applicable to public offices and franchises where the general *public* are interested, and hence the action is always brought in the name of the people, and is never used or applied to a *private* right, office or franchise.   The remedy of *quo warranto* cannot now and never could be used to call in question a private right, as if A claims the right to get water at the spring of B, B cannot question the right by *quo warranto* for the reason that the public has no interest whatever in the controversy.   And so if I have an easement in my neighbor's farm whereby I have the right of way over and across the same for certain purposes, my right cannot be tried by *quo warranto* for a like reason.   And if A claims to be the chief officer of a partnership wherein the people have no public interest, or of an unincorporated company, a mere private affair, an information in the nature of a *quo warranto* is not the remedy to question his claim.   It is only in cases where the people have a general and a common interest that this remedy can be resorted to, and hence, in all the cases in the books, the people are plaintiff, and it would be a strange proceeding, indeed, if the people could bring an action to protect the *private* rights of a person or to redress his *private* wrongs.

Section 310 provides that the district attorney may bring an action not for any private individual, or for a private purpose, but in the name of the people, against any person who usurps, intrudes into or unlawfully holds any public office or franchise within his district.   And the action is authorized in the name of the people simply because the usurpation or intrusion is a public matter in which all the people are interested, and because the people are the real party in interest, and section 316 provides that if the defendant is found guilty of such usurpation or intrusion, he may be fined in any sum not exceeding $5,000, which fine shall be paid into the Territorial treasury; so the action is in the nature of a criminal one, brought by the people for a violation of their rights and privileges, and the punishment is forfeiture and

fine, which latter is paid to the Territorial treasury for the benefit of the people who have been wronged.

We, therefore, hold that section 1 of the Practice Act, wherein is provided a civil action for the enforcement of private rights, and the redress of private wrongs, cannot apply to informations in the nature of *quo warranto*, which are purely of a public character, and which are resorted to to redress public wrongs, and to enforce public rights, with any better propriety than it could apply to proceedings upon indictments wherein the people seek to punish offenders against the criminal laws.

And even if our statute, upon the subject of usurpations and intrusions into public offices and franchises, was not a re-enactment of the common law upon the same subject, and if the statute did provide a new remedy, and a new form of proceeding, which it does not, still the statute does not pretend to abolish the common-law remedy, and, therefore, leaves it in full force, and, if we have two remedies, we may test and try the sufficiency of this complaint by either, and if the information or complaint in this action is good at common law, it is sufficient for all the purposes of this case, and, as we hold that the first section of the Practice Act does not apply to this form of action, we must measure the information herein by the rules and principles of the common law.

In proceedings upon information in the nature of *quo warranto*, the rule of pleading is thus laid down in *Thompson v. The People*, 23 Wend. 571: "Where the information questions a present right of any defendants to have or use any corporate rights or franchises, those defendants must in their plea set out the matter specially as it forms their defense, and upon that plea the attorney-general takes issue (unless he chooses to allege by way of replication some new matter), and is not required to specify the charges upon which he relies as matters of forfeiture. All such new matter alleged in the replication, or otherwise by the attorney-general, is in fact a new information, and must be pleaded to by the defendants until an issue is formed." And this course of pleading was pursued in the celebrated *quo warranto* case of *The City of London*, 8 Howell's State Trials, 1050, and has been followed as a form since that time.   In that case the attor-

ney-general, by information in the nature of *quo warranto*, charged that the mayor, etc., of the city claimed and used without lawful authority: 1. To be a body corporate; 2. To elect sheriffs; 3. To be justices, and hold sessions, all which liberties and franchises they usurped. To this information the defendants pleaded their charter, etc., and the attorney-general replied that they were not a corporation, whereby issues were joined for the jury. Justice BLACKSTONE, commenting upon this case, says the proceedings in strictness of law were sufficiently regular.

In a note by the learned reporter, to the case of *People* v. *Richardson*, 4 Cow. 106, a form for an information is given, which strictly follows the precedent of the case against the *City of London*, and it is there stated that this is the form, whether the information be brought for an usurpation without any original title, or for a *subsequent forfeiture when the original title is not disputed.*

In the case of *People* v. *Kingstown & M. T. R. Co.*, 23 Wend. 194, the action was an information in the nature of a *quo warranto*. The information charged the defendant with *usurping* the liberties, privileges and franchises of being a body politic and corporate by the name of the Kingstown & Middletown Turnpike Road Company, and by that name to construct and maintain a turnpike road within certain bounds, specifying the same, and to erect and maintain gates upon such road, and to levy and collect tolls from all persons using the same; all which liberties and privileges were charged to have been *usurped*. To this information the defendants pleaded the act of the legislature whereby they were erected a body corporate, and were authorized to construct the turnpike road, etc., described in the information, and the correctness of this information was not called in question.

In the case of *People* v. *Bank of Niagara*, 6 Cow. 196, the information is set out in full in the report of the case, and substantially charges that the President, Directors and Company of the Bank of Niagara, at Buffalo, in the county of Erie, for the space of six months now last past and upward, have, and still do use without any warrant, grant or charter, the following liberties and franchises, to wit: That of being a body politic and corporate in law, fact and name, by the name of the President, Directors and

Company of the Bank of Niagara, and by the same name to plead and be impleaded, answer and be answered unto, etc., all which said liberties and franchises the President, etc., aforesaid, during all the time aforesaid, have *usurped*, and still do usurp, upon the said people. The defendants in their plea set forth the act of the legislature by which they were incorporated into a banking company, to which there was a replication and rejoinder. Savage, C. J., delivered the opinion of the court, and, after stating the pleadings, said: " The first question respects the sufficiency of the information. Upon this I shall only remark that the form adopted here is the same which was used in the celebrated case of the *City of London*, 3 Hargr. St. Tr. 545, and which was there adjudged sufficient. A like precedent is given in *Rex* v. *Amery*, 2 T. R. 515. I am perfectly satisfied, therefore, with the form of the pleadings."

In the case of *The People* v. *Bristol & R. T. R. Co.*, 23 Wend. 223, is also a case in point. In that case the attorney-general filed an information, charging that the Directors and Company of the Bristol and Rensselaerville Turnpike Road claimed, and for five years then last past had claimed, to be a body politic and corporate, by the name of the Directors and Company of the Bristol and Rensselaerville Turnpike Road, and by that name to levy and collect tolls, etc., all which privileges and franchises he charged to have been *usurped*. To this information there was a plea and replication. The sufficiency and form of the information was not doubted to be correct.

Of like character is the case of *People* v. *Hillsdale & C. T. R.*, 23 Wend. 254; to the same effect is the case of *Thompson* v. *People*, id. 537. See, also, *People* v. *Utica Ins. Co.*, 15 Johns. 362; *Commonwealth* v. *Tenth M. T. Co.*, 5 Cush. 509; Ang. & Ames on Corp., §§ 756, 776.

It will be observed that in all the foregoing cases against corporations, the informations charge the defendant with *usurping* their corporate rights and franchises, and the objections of the appellant in the case at bar would apply with equal force to the cases herein referred to, for in all these cases the defendant is charged with usurping to be a corporation, and, at the same time, a judgment of forfeiture is asked for against the corporation.

The foregoing authorities we think sufficient to settle the question that it is competent to bring an information against a corporation, and at the same time to charge the corporation with *usurping* its corporate powers. The simple question to be tried and determined is, whether or not the corporation, by their acts of misuser or nonuser, have forfeited their rights, franchises and privileges. If they have, their corporate acts are usurpations upon the people, and this is the matter to be tried. The people are not compelled to prove any thing. They call upon the corporation to show its title and authority, and, unlike other cases, the result of the case does not depend, and is not determined by the strength of plaintiff's title, but upon the title of the defendant. They must show a perfect title, and show that it has not been forfeited by any act of omission or commission. The issue is formed upon the plea and replication.

The information in the case at bar follows the forms that have been approved over and over again by the highest authority, except in this, that the district attorney has embodied and engrafted into his information the specific matters upon which he relies for forfeiture, making direct specific charges in addition to the general charge, instead of setting up the same in his replication; and the only effect of this mode of specifying the charges is to form an issue upon the information and plea instead of the plea and replication, and possibly to change the burden of proof in the trial of the cause, neither of which effects would vitiate the pleading.

We wish now to test this information, looking upon it as a complaint in a civil action under the requirements of the Practice Act.

A cause of action must be fully set forth in the complaint, for the reason that the proof cannot go beyond the averments. It is claimed that the complaint in this case is fatally defective in this, that there is no averment that the defendant is a corporation, and hence that its corporate character could not be proved, and that the absence of this proof would leave no case in court. The averments of the complaint are to this effect: That defendant claims to enjoy and use said privileges, franchises and liberties under and by virtue of an act of the legislative assembly of said Territory, entitled "An act to incorporate the Virginia City and Summit

City Wagon Road Company," approved January 27, 1865, but that the claims of defendant are without warrant, grant or charter, because of the specific acts of forfeiture set forth. The answer admits that defendant claims to use and enjoy said privileges, franchises and liberties under and by virtue of said act of the legislative assembly, but denies that its claims are without warrant, grant or charter, and specially denies the specific acts of forfeiture charged, thereby raising an issue to be tried as to whether or not the acts charged in the complaint are true; and the fair import and meaning of the averments in this complaint and answer is, that the plaintiff says the defendant claims to be a corporation, and the defendant admits the claim.

A reference to the statutes will show that the act of the assembly referred to in the complaint is an act "to *incorporate* the Virginia City and Summit City Wagon Road Company," and this is the company against whom this suit is brought, and the act referred to in the complaint shows the company to be an incorporation.

Section 61 of the Practice Act of 1867, which was in force when this action was brought, provides, that in pleading a private statute, or a right derived therefrom, it shall be sufficient to refer to such statute by its title, and the day of its passage, and the court shall thereupon take judicial notice thereof. Therefore it is that the reference to the act incorporating this road company, this defendant, must have the same force and effect as if copied into and made a part of the complaint; and, looking at the act as a part of the complaint, as we have the right, and as it is our duty to do, we shall find that the defendant is a corporation, and the act of incorporation being, in effect, a part of the complaint, an additional averment that the defendant is a corporation, would be surplusage, and wholly immaterial.

Therefore, looking at the complaint with the statute referred to as a part thereof, we think it sufficiently appears, and is affirmatively averred, that the defendant is a corporation, and this the defendant admits. And if there was no admission, the act incorporating the company, the defendant, is so pleaded that it could be proved by the introduction of the act in evidence, and any allegation in a complaint, sufficient to authorize proof under

it, is sufficient for all purposes. And treating this pleading as a complaint, we are satisfied that it states a cause of action.

The 8th section of the act incorporating the defendant, provides that, on complaint before a justice of the peace of the township, that said road is out of repair, the defendant shall be summoned to appear before such justice; and if on the trial it shall be found that the road is out of repair, and unsafe for travel, it shall be the duty of the justice to impose a fine of not less than $10 nor more than $25, and in addition thereto, to issue his order that no tolls shall be collected upon said road until it is put in good repair.

By virtue of this section it is insisted, upon the part of the appellant, that the remedy by information in the nature of a *quo warranto* to forfeit the charter is prohibited; that the remedy provided by the act of incorporation abolishes all other remedies, and that the action authorized to be brought before a justice of the peace excludes all other proceedings to forfeit the franchise. In other words, it is contended that the eighth section of the act incorporating this defendant, whereby the right is given to any person to make complaint before a justice of the peace, if the road is out of repair, at once abolishes the common-law remedy by *quo warranto*, and abrogates and annuls the 310th section of the Code providing remedies for usurpations of franchises, and forever prohibits the people from bringing an action to forfeit the charter of the company, no matter how flagrant their acts of usurpation or misuser may be; so that, if the claim of the appellant is upheld, this defendant is a perpetual, everlasting corporation, with a charmed life, and entirely beyond the reach of the people or the State, until it expires by the limitation of the act that created it.

If this condition of things was intended by the legislature; if it intended to abolish the common-law remedy, and the 310th section of the Practice Act, it should have made known its intention by the use of positive and unmistakable language, but as it said nothing upon the subject in the act incorporating the defendant, we cannot presume any such intention.

The eighth section simply provides for a private action at the suit of an individual, and does not pretend to interfere with the

remedy of the people, and the private action is not at all incompatible with the public remedy; and there is no implied or presumed intention upon the part of the legislature to, in any manner, cripple or abolish the remedy of the people or the State. There is no doubt an action lies, and always did lie, against a corporation for mischief to an individual, arising either from misfeasance or nonfeasance, and yet, because of this, the public remedy was never questioned. *People* v. *B. & R. T. Co.,* 23 Wend. 244.

And the same authority lays it down as a rule of almost universal application, that if a statute fixing a penalty for an offense do not either expressly or by necessary implication cut off the common-law punishment, or prosecution for the same offense, it shall be taken to intend merely a cumulative remedy. And with stronger reason does this rule apply when there is a general statutory remedy upon the same subject, which the particular statute or act does not attempt to modify or repeal.

We, therefore, hold that the eighth section of the act incorporating the defendant does not abolish, repeal or modify the common-law and statutory remedy for usurpation, intrusions into or unlawfully holding an office or franchise.

It is further argued, upon behalf of the appellant, that if the nonfeasance is not continued up to the commencement of the proceeding, or has ceased before the suit is brought, or is not an existing danger to the community, it is not a good cause for forfeiture. That is to say, there may have been divers and long-continued acts of forfeiture, the road may have been so out of repair for long periods of time, as to subject the corporation to a forfeiture of its charter, yet if, by the operation of natural causes or the acts of the company, the road happens to be in good repair, at the date of bringing the action against the corporation, this shall operate as a sort of condonation for the acts of forfeiture, as if a person offends against the law and afterward behaves himself, therefore he shall not be punished for the offense. This does not seem to be a very sound proposition.

Grants confirming franchises, rights and privileges are contracts between the sovereign power and private citizens upon certain implied or expressed conditions. A performance of these

conditions by the citizens is the consideration of the contract, and vests the franchise, and a non-performance of them forfeits it. These franchises, granted by the legislature, are an exclusive monopoly, and never should be made for the private advantage of any person, but solely for the public good, and when made, the conditions of the grant, whether implied or expressed, should be complied with like conditions precedent to any other contract. Precedent conditions, which must take place before the estate can vest, must be literally performed. *Thompson* v. *People*, 23 Wend. 537.

The condition precedent to the contract between this defendant and the people of the Territory was, that the defendant should construct and keep in repair the Virginia City and Summit City Wagon Road. This condition should be substantially complied with, and a failure to comply in a material particular would subject the franchise to forfeiture. Whether or not there was a performance, and compliance with these conditions, was the question tried to the jury, and as there is evidence to support the verdict, it cannot be disturbed here, and the judgment below is affirmed with costs.

*Judgment affirmed.*