[No. 19234. Department One. — November 29, 1893.]

## OLIN THELIN, RESPONDENT, v. E. STEWART, ET AL., APPELLANTS.

PLEADING—MISJOINDER OF CAUSES OF ACTION—INJURIES TO PERSON AND PROPERTY.—A cause of action for an injury to the person is improperly united with a separate cause of action for a subsequent injury to his property, and a demurrer thereto, on the ground that several causes are improperly united, should be sustained.

ID.—IMPROPER OVERRULING OF DEMURRER—OBJECTION NOT WAIVED BY ANSWER.—An objection that two causes of action are improperly united in a complaint, when properly taken by demurrer, is not waived by subsequently answering the complaint and going to trial upon the merits.

ID.—APPEAL—PRESUMPTION OF INJURY FROM ERROR.—A judgment rendered upon a complaint after a demurrer thereto has been improperly overruled must be reversed upon appeal unless it clearly appears that no injury to the defendant resulted therefrom. Injury will be presumed from the error, and it is incumbent upon the respondent to make it appear to the contrary.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*W. T. McNealy,* for Appellants.

*J. S. Callen, Isaac G. Burnett,* and *Callen & Neale,* for Respondent.

HARRISON, J.   The plaintiff seeks to recover damages from the defendants for injuries sustained by him from their wrongful acts. The complaint is in two counts, each of which is stated to be " a separate cause of action" against the defendants. For each of these separate causes of action the plaintiff alleges that he sustained damage in the sum of two thousand five hundred dollars, and asks judgment for their aggregate, amounting to five thousand dollars. The defendants demurred to the complaint, upon the ground that the several causes of action were improperly united therein. The court overruled their demurrer, and thereafter they answered, and upon the trial of the cause judgment was rendered against them for the sum of six hundred and fifty dollars. From this judgment they have appealed upon the judgment-roll alone, upon the ground that their demurrer was improperly overruled.

Section 427 of the Code of Civil Procedure authorizes the plaintiff to unite in the same complaint several causes of action, where they all arise out of . . . . 6. Injuries to persons; 7. Injuries to property; but the same section also declares that "the causes of action so united must all belong to only one of these classes."

The cause of action set forth in the first count of the complaint is for an injury to the person of the plain-

tiff, while that which is set forth in the second count is for an injury to his property; and in addition to being alleged to be " a separate cause of action," appears from the facts alleged to have arisen subsequent to the occurrence of the facts set forth in the first count. For this reason, therefore, the demurrer to the complaint should have been sustained.

The defendants did not waive their demurrer by subsequently answering the complaint and going to trial upon the merits. The plaintiff was forbidden by the statute from uniting two causes of action in his complaint, and the objection was not waived by the defendants in submitting to a trial of the issues. A judgment rendered upon a complaint after a demurrer thereto has been improperly overruled must be reversed unless it clearly appears that no injury to the defendant resulted therefrom. Injury will be presumed from the error, and it is incumbent upon the respondent to make it appear to the contrary. The defense to the different causes of action herein might be different, and also require proof of different character. It is sufficient, however, to say that the statute has expressly declared that the two causes of action shall not be united in the same complaint. (*Reynolds* v. *Lincoln,* 71 Cal. 190; *Stark* v. *Wellman,* 96 Cal. 400; *Mallory* v. *Thomas,* 98 Cal. 644.)

The judgment is reversed.

PATERSON, J., and GAROUTTE, J., concurred.