[Sac. No. 856.   Department One.—February 24, 1902.]

## HERMAN LEVY, Respondent, v. GEORGE A. NOBLE, Appellant.

PLEADING—DEMURRER—MISJOINDER OF CAUSES—PRAYER OF COMPLAINT. —A complaint stating but one cause of action is not demurrable for a misjoinder of causes merely because the complaint prays for other relief not warranted by the facts stated. The prayer of a complaint is not demurrable.

ID.—ACTION TO CANCEL CONTRACT OF SALE—BREACH—NON-PAYMENT OF INTEREST—REFUSAL OF POSSESSION—MISJOINDER IN PRAYER.—A complaint alleging breach by the defendant of a contract for the sale of land, in refusing to pay the first installment of interest on the purchase price, and in refusing to surrender possession as agreed in the contract, after default in any payment, and praying that the contract be canceled, that defendant be required to surrender possession, and for a judgment for the amount of the unpaid interest, and for general relief, does not state facts entitling the plaintiff to recover the interest, and does not show a misjoinder of causes of action to recover both real and personal property.

ID.—ORDER OVERRULING DEMURRER NOT PREJUDICIAL—TRIAL—CONDITIONAL JUDGMENT—PROTECTION OF DEFENDANT.—The defendant suffered no injury from an order overruling his demurrer for a misjoinder of causes of action, and no injury will be presumed, conceding error in the order, where the findings and judgment show that the case was tried on the assumption that plaintiff sought only the cancellation of the contract and the recovery of the land, and that the judgment for plaintiff was conditional upon the failure of defendant to pay the amount due on the contract within fifty days from a time fixed by the court, thus fully protecting his rights after a hearing on the merits.

APPEAL from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

F. D. McClure, and W. W. Cross, for Appellant.

H. C. Tupper, and W. D. Tupper, for Respondent.

THE COURT.—Action to cancel a contract for the sale of real property. Defendant interposed a demurrer to the complaint for insufficiency of facts; also, for misjoinder of causes

of action; also, for alleged ambiguity and uncertainty. The demurrer was overruled and defendant answered fully to the merits, and the cause was tried by the court. Judgment passed for plaintiff, from which defendant appeals. The only question presented is as to the correctness of the court's ruling on the demurrer. Plaintiff is grantee of one Hayden, formerly the owner of the land involved, and is also assignee of the contract of sale and purchase of the land entered into by Hayden and defendant. The contract was dated October 1, 1898, by which defendant agreed to pay for the land in installments,—viz., on October 1, 1899, the interest on the purchase price ($7,000) at eight per cent per annum, or $560; on October 1, 1900, $100, with interest; on October 1, 1901, $3,000 and interest; on October 1, 1902, $3,000 and interest; and on payment of these several amounts Hayden agreed to convey the premises. Defendant went into possession under the contract. It provided that, in the event of failure to pay any installment, any payment previously made should be deemed a reasonable rental for the property, and should be forfeited to Hayden, and upon such failure Hayden should be released from all obligations to convey the premises, and defendant should thereupon surrender peaceable possession. In his complaint, which was filed December 16, 1899, plaintiff alleged the failure and refusal of defendant to make the first payment and failure to surrender possession after default in such payment and after demand for payment and possession. In his prayer plaintiff asked that the contract be canceled, that defendant be required to surrender possession, and that plaintiff have judgment against defendant for the sum of $560 and for general relief.

Defendant claims that the complaint violates section 427 of the Code of Civil Procedure, by joining a cause of action for the recovery of specific real property with a cause of action for the recovery of specific personal property,—to wit, $560. The allegations in the complaint that defendant had not paid the first installment, although past due, and that he had not surrendered possession, although demand for payment and possession had been made, were necessary to show a breach of the contract. The facts as stated in the complaint did not attempt to set forth or unite two causes of action. In the prayer plaintiff asked for judgment for $560, but the facts

as pleaded did not entitle him to such a judgment. The prayer of a complaint is not demurrable. (*Bailey* v. *Dale,* 71 Cal. 34, and cases there cited.)

The findings and judgment show that the court tried the case on the assumption that plaintiff sought only the cancellation of the agreement and restoration of possession of the land. The conclusions of law from the findings of fact were, that plaintiff is entitled to have the contract canceled, and to have restitution of the premises, unless defendant should pay $560 and accrued interest, according to the terms of the contract, within fifty days from date fixed by the court; and the record shows that the judgment was accordingly so entered, and did not become final until after the expiration of the period so fixed by the court, defendant not having in the mean time made the payment. Furthermore, it appears very clearly that defendant suffered no injury by reason of the overruling of his demurrer; he had a hearing on the merits after answer, and the judgment fully protected his rights. In such case injury will not be presumed, even though error be conceded in overruling the demurrer. (*Thelin* v. *Stewart,* 100 Cal. 372.)

The judgment is affirmed.