ESTATE OF LUCY G. GOODSPEED, DECEASED.

[No. 17,053; decided August 14, 1904.]

Will Contest.—The Rule that a Complaint must State the Cause of action in ordinary and concise language applies to the written grounds of opposition to the probate of a will. The facts should be stated concisely and with certainty, apart from all hypotheses, arguments and conclusions of law; and when once made the statement should not be repeated.

Will Contest—Misjoinder of Causes of Action.—Charges of fraud and duress constitute different causes of action, and should be stated separately.

Will Contest—Charging Conspiracy.—Where one is charged in a pleading with conspiracy with other persons, he has a right to have the names of the alleged conspirators made known to him.

Delmas & Shortridge, for proponents and respondents, Daniel Sullivan and Frank N. Myers, executors.

F. C. Lusk, Reddy, Campbell & Metson, Knight & Heggerty, for Annie Amelia Stanford, Orville C. Pratt Goodspeed, and Jennie Maud Snodgrass, contestants.

Garret W. McEnerney, for Goodspeed minors.

COFFEY, J. Unusual labor has been imposed upon the court, in this preliminary phase of a will contest, by reason of the multifarious and multiform grounds of the motion and demurrer. There are over sixty specific objections to the contest included in the motion, and as many more grounds of demurrer, most of them different from those covered by the motion, forty typewritten pages in all, and all of them requiring a most careful examination of a complaint of fourteen typewritten pages in length.

As to many of the points, it is not unlikely that if they stood alone or were isolable upon this motion the court would disregard them as too tenuous and technical, but it must be said in justice to the pleader that the form employed in this contest is not without precedent, and I find upon scrutiny of the records in this class of cases many complaints similar in form, so it cannot be said, in face of the facts, that "the complaint in this case, as a pleading, has no precedent" (Green

v. Palmer, 15 Cal. 414, 76 Am. Dec. 492), although it may be remarked that the time has come when, under the objections and demurrer presented, the principles of pleading applicable to ordinary civil actions should be applied to contests in probate, according to the intention of the code: Code Civ. Proc., sec. 1312.

There is no valid reason why the rule of the statute that the complaint must contain a statement of the facts constituting the cause of action in ordinary and consise language should not be applied strictly to the written grounds of opposition to the probate of a will: Code Civ. Proc., sec. 426.

Applying this rule to the complaint of contest here, it is obnoxious to demurrer on three grounds, indicated in subdivisions 5, 6, and 7, section 430, Code of Civil Procedure, as specially pointed out in the demurrer here interposed. But the motion must be dealt with in its order of priority in procedure.

### THE MOTION TO STRIKE OUT PARTS OF CONTEST.

The motion to strike out the contest as a whole should be denied, saving the right to the respondents to have an amended contest filed, stating clearly and concisely the grounds of opposition to the probate of the proposed will.

With respect to the particular parts of the motion granted, it may be well to premise the principles of pleading appropriated and adapted from Green v. Palmer, 15 Cal. 411-417, 76 Am. Dec. 492, and applied to the merits of this motion.

Facts only should be stated; facts, as contradistinguished from the law, from argument, from hypotheses, and from the evidence of the facts. A legal inference or conclusion from the facts should not be stated; that is not the province of the pleadings under our system, which is to develop the facts. Argument in pleading is equally inappropriate. Hypothetical statements are improper. The respondent's pretenses are equally improper. Each party must allege each fact which he is required to prove, and he must allege nothing affirmatively which he is not required to prove. Nothing should be stated which is not essential to the claim or defense; or, in other words, none but issuable facts should be

stated. If this part of the rule be violated, the adverse party may move to strike out unessential facts. All statements should be concisely made, and when once made must not be repeated. The code does not permit long pleadings; on the contrary, it enjoins conciseness everywhere, and if in any pleading written under its rule there be an unnecessary word, it is there in disregard of code provisions. If an immaterial statement be inserted, or even an unnecessary word, the court has the power to strike it out. To avoid repetition, as well as to obtain conciseness, logical order is necessary. There should be no difficulty in setting forth any occurrence in its logical, which is its natural order, and if this be done and the pleader set forth only the facts upon which his case depends, using no more words than are necessary, we shall have brevity and substance, and we shall hear no more of long pleadings, unnecessary recitals, or immaterial averments.

Although nearly forty years have elapsed since these rules were reaffirmed by Mr. Justice Field in Green v. Palmer, the necessity still remains of repeating them from time to time, as is shown by numerous cases in the California Reports during the intervening period.

These rules establish the principles of pleading in probate as in all other courts, and they but illustrate the maxim of Coke that "the law speaketh through good pleading," or, "the order of pleading being preserved, the law is preserved," for it is "the living voice of the law itself."

Applying these rules to the contest here, the proponents contend that their motion to strike out the argumentative, hypothetical, and repetitive allegations, as well as the conclusions of law, and the evidentiary matters therein averred, should be granted.

The contest is addressed to a certain instrument propounded for probate, and, therefore, the motion to strike out such phrases as "pretended will" is proper, for, as the rule laid down in Green v. Palmer says, if there be an unnecessary word, it is in disregard of code provisions and should be ousted. It is apparent that mention of the instrument in contest identifies it, for the purpose of pleading, and that the words "or pretended will" are redundant; that the word "pretended" is argumentative, and one which the contestants

need not deny, but that the very form of the allegation would make a denial so involved as to conceal the real issue.

Contrary to the rule that a statement once made must not be repeated, there are several repetitions throughout the contest.

In the opinion of this court, the subject matter of the sixth ground of objection is especially worthy of censorious attention; the tender of issue concerning the condition of the decedent at the time of her death. This is clearly not pertinent, necessary, relevant, nor material to the issues, and not involved in a proceeding of this nature.

In the same paragraph of the contest (paragraph V) there is much more obnoxious matter, involving argument and evidence, and clearly repugnant to the rules recited.

Paragraph VI of the contest is vicious to a degree. In other paragraphs are alleged, in so many words, fraud, duress, menace and undue influence. These are but conclusions of law, and tender no issuable fact, in the manner stated.

This is common law and common learning, as was said in Spring Valley Waterworks v. San Francisco, 82 Cal. 321, 16 Am. St. Rep. 116, 22 Pac. 910. It is not sufficient to aver fraud in general terms; the facts constituting the fraud must be alleged. This has been held from the beginning in California.

I know of no better statement of the rule for pleading these matters than that laid down by Mr. Justice Myrick in the Estate of Gharky, 57 Cal. 279: ''In stating the grounds of contest, if unsoundness of mind is relied on, it is sufficient to state that the deceased, at the time of the alleged execution of the proposed paper, was not of sound and disposing mind; unsoundness is the ultimate fact to be found, and acts of inebriety or other causes are to go to the jury, from which they are to find; and the issue upon that subject is to be of the ultimate fact only; but when the grounds of contest embrace duress, menace, fraud, undue influence, due execution and attestation, subsequent will or the like, such matters, not being ultimate facts, but conclusions of law to be drawn from facts, must be pleaded, not in the language of the statute, but the facts (not evidence of the facts) relied on must be

stated, and issues relating thereto submitted to the jury, to the end that the court, either upon demurrer to the statement of the grounds of contest or upon the verdict, may determine whether, as matter of law, such facts so pleaded or found constitute a valid reason why the proposed paper should not be admitted to probate. This course is plain, logical, direct, and is a certain guide to the court, to counsel, and to the jury; the other course leads to uncertainty as to what is relied upon, and to doubt as to what may be the basis of the verdict.''

I conceive that this pleading is faulty in nearly all the respects indicated in the formal objections, especially because of its argumentative and evidentiary shape, and the objections numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, should be and are sustained.

These words and matters tender no issue, and serve only to detract from that logical directness and simplicity of statement which ought always to be observed in a pleading. They have no place in a pleading, and should be struck out on motion: Miles v. McDermott, 31 Cal. 273.

The objections specified and enumerated are sustained and the motion as to them granted, and as to the rest denied.

The result of this decision upon the motion is shown by the paper hereunto appended, the contest as it appears with the objectionable matters removed.

### THE DEMURRER.

The demurrer should be sustained because, as it stands, it becomes necessary to modify the pleading and bring it within the rules already adverted to, so that the respondents may answer direct allegations, to the end that the issues involved may be clearly presented to the court upon the trial of the contest.

Particular attention is directed to the first ground of demurrer—that the contest misjoins several causes of action. It is self-evident that fraud and force cannot be exercised by the same person on the same person at the same time to

achieve the same end. The evidence required to sustain the charges of fraud and of duress or menace would necessarily be opposed one to the other. Requiring different evidence they constitute different causes of action within the purview of the code, and under section 427, Code of Civil Procedure, the grounds should be separately stated.

The distinction between the physical cause of injury and the legal cause of action is clearly stated by Mr. Justice Harrison in Thelin v. Stewart, 100 Cal. 372, 34 Pac. 861, and by the same justice, speaking for the court in bank, in Lamb v. Harbaugh, 105 Cal. 680, 39 Pac. 56.

The fifth paragraph of the contest may be pointed out particularly as obnoxious to criticism: ''That the said Lucy C. Goodspeed, deceased, at the time of her death, and also at the time when said instrument or pretended will was signed by her (if the same ever was signed by her), was a person of great physical and mental imbecility.''

It should seem unnecessary to argue upon the objectionable character of this clause.

The allegations throughout the contest amounting to a charge of conspiracy on the part of Daniel Sullivan and other persons unknown to the contestants are plainly demurrable, for certainly the proponents have a right to know the names of the conspirators.

In support of the various objections on the score of ambiguity and uncertainty citations are scarcely necessary, but two or three may be mentioned: Miles v. McDermott, 31 Cal. 271; Jamison v. King, 50 Cal. 132; In re Flint, 100 Cal. 391, 34 Pac. 863; Code Civ. Proc., secs. 1312, 1713.

The contest should be amended so as to present the issues concisely and with certainty, apart from all hypotheses arguments, and conclusions of law.

Demurrer sustained. Ten days to amend.