DRAKE v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Pleading:** CONSTRUCTION OF PETITION: INCONSISTENT COUNTS: INSTRUCTIONS. Where the petition stated two grounds of recovery,— first, that no sufficient ditches were constructed, and, second, that the ditches were not kept in repair, *held* that the petition, properly construed, meant that ditches were constructed but not kept in repair, and that the court did not err in submitting the case to the jury on that theory.

2. **Practice on Appeal:** DECISION ON FORMER APPEAL CONCLUSIVE. On the second appeal of a cause, a point decided on the former appeal cannot be reconsidered, but the decision is binding for the purposes of that case, whether right or wrong.

3. **Railroads:** OBSTRUCTION OF SURFACE WATER BY EMBANKMENT: LIABILITY OF COMPANY. The holding of this court on a former appeal of this case, (see 63 Iowa, 302,) as to the liability of a railroad company for obstructing surface water by its embankment, questioned by SEEVERS, J., upon authorities cited in opinion.

4. ———: AGENT: DECLARATIONS OF TO BIND COMPANY. Before the declarations of an alleged agent can be admitted in evidence against his principal, some evidence that he was authorized to act for his principal in relation to the matter must be introduced; but to show that an agent settled for stock killed and injured along the road did not tend to prove that he had any authority to act in regard to the road-bed, ditches or drainage.

5. **Landlord:** INTEREST OF IN GROWING CROPS OF TENANT. A landlord has no such interest in the growing crops of his tenant as to enable him to maintain an action against a person who injures the crop. *Townsend v. Isenberger*, 45 Iowa, 670, followed.

6. **Instructions:** REFERRING TO PLEADINGS FOR ISSUES: ERROR WITHOUT PREJUDICE. The error of referring the jury to the pleadings to find the issues is not a ground for reversal where the court stated the issues to the jury so fully that the error could not have been prejudicial.

7. **Jury:** DUTY AS TO CONFLICTING EVIDENCE. An instruction to the jury that, if they could not harmonize the evidence consistently with

the honesty of the witnesses, they were at liberty to say whom they regarded as truthful and honest, *held* erroneous. [Compare *Lanning v. Chicago, B. & Q. R'y Co.*, 68 Iowa, 502.—REPORTER.]

### *Appeal from Van Buren District Court.*

#### WEDNESDAY, OCTOBER 27.

THIS cause was before the court at a former term, and will be found reported in 63 Iowa, 302, to which reference is made as to the grounds upon which a recovery is asked. Trial by jury. Judgment for the plaintiff, and the defendant appeals.

*M. A. Low* and *Stiles & Beaman*, for appellant.

*H. B. Hendershott* and *Sloan, Work & Brown*, for appellee.

SEEVERS, J.—I. We understand the cause of action stated in the petition to be one where a recovery is sought upon the ground that the defendant failed, as was its duty, to construct and keep in repair sufficient and suitable drains, ditches and culverts, and thereby, and because of the roadway or embankment, surface water accumulated, and was thrown back on plaintiff's premises, whereby he was greatly damaged. The petition, we understand, states two distinct grounds of recovery: The *first*, that no sufficient ditches and drains were constructed; and, *second*, that ditches were not kept in repair. Now, while it is not in terms stated that any ditches were constructed, we think, when the petition is fairly construed, it means that ditches were constructed, and not kept in repair. Certainly a ditch could not be repaired or kept in repair which had never been constructed. If the petition was not deemed sufficiently definite and certain in this respect, a motion to make it more specific should have been made. It should be remembered that this case

1. PLEADING: construction of petition: inconsistent counts: instructions.

had been previously tried on this same petition, and the evidence on both trials was substantially the same, and therefore the defendant could not have been in any respect surprised when the court submitted the case to the jury on the theory that a ditch had been constructed which had not been kept in proper repair. The court therefore did not err in this respect.

II.   It is insisted that the defendant had the right to construct the embankment as it did, and that it was bound to
**2. PRACTICE** construct ditches to carry off the water, and that
**on appeal :**
**decision on** if it did so it was not bound to keep them in repair.
**former appeal**
**conclusive.** This question was considered on the former appeal, and we then held that the position of the defendant could not be maintained. The record in this and the former appeal is, as we understand, substantially the same, in so far as the question whether it was the duty of the defendant to construct ditches and keep them in repair is concerned.   This being the second appeal, our former decision constitutes the law of this case, whether right or wrong.   *Adams Co. v. Burlington & M. R. R. Co.*, 55 Iowa, 94; *Babcock v. Chicago & N. W. R. Co.*, 28 N. W. Rep., 644.*

The writer, however, desires to say that he is now satisfied that the opinion on the former appeal is wrong.   My reasons,
**3. RAILROADS:** briefly, are that the common-law rule, as between
**obstruction**
**of surface** individuals who respectively own the upper and
**water by em-**
**bankment :** lower estate, is that either may, for the purpose
**liability of**
**company.** of improving his land, divert or dam up surface water; and if, in so doing, the other suffers damage, there can be no recovery.   The only exception to this rule is that the improvement, whatever, it may be, must not have the effect to increase the quantity of water which is precipitated on the land of another.   I cite a few of the many authorities so holding: *Livingston v. McDonald*, 21 Iowa, 160; *Gannon Hargadon*, 10 Allen., 106; *Parks v. Newburyport*, 10 Gray,

---

* This cause is still pending on a rehearing, and hence does not yet appear in the official reports.—REPORTER.

28; *Taylor v. Fickas*, 64 Ind., 167; *Barkley v. Wilcox*, 86 N. Y., 140; *Swett v. Cutts*, 50 N. H., 439; *Bowlsby v. Speer*, 31 N. J. Law, 351; *Gibbs v. Williams*, 25 Kan., 214; *Grant v. Allen*, 41 Conn., 156. The rule of the civil law is different, and it has been adopted in Illinois and California, and possibly in other states. The same common-law rule has been held applicable to railroads in the following cases: *Boothby v. Androscoggin & K. R. Co.*, 51 Me., 318; *Morrison v. Bucksport & B. R. Co.*, 67 Me., 353; *O'Connor v. Fond du Lac, A. & P. R'y Co.*, 52 Wis., 526; S. C., 9 N. W. Rep., 287; *Kansas City & E. R. Co. v. Riley*, 33 Kan., 374; S. S., 6 Pac. Rep., 581; *Cairo & V. R. Co. v. Stevens*, 73 Ind., 278; *Abbott v. Kansas City, St. J. & C. B. R. Co.*, 83 Mo., 271. In at least one or more of these cases the fact that the company only owned an easement was considered, and it was held that such fact made no difference, and I am at a loss to know why it should. The same rule, under the same circumstances, should prevail as to both individuals and corporations. Conceding the easement in this case, the defendant has the same absolute right to construct its road therein at such grade as is deemed best, and to excavate and make embankments at its pleasure; and in this respect it has the same rights, in my judgment, as any other landed proprietor.

III. The plaintiff testified that one Ball was defendant's agent, engaged in "settling for stock along the road and everything," and that he acted for the defendant in a lawsuit it had with one Johnson; and thereupon the plaintiff, when on the stand in his own behalf, was asked by his counsel to state a conversation he had with Ball in relation to the drain or ditch. To this the defendant objected, and the court asked plaintiff's counsel whether they expected to show that Ball was the authorized agent of the defendant. Counsel replied that they did; and the court said, unless they introduced such evidence, that the evidence showing the declarations of Ball would be excluded,

4. ———: agent: declarations of to bind company.

but that for the present the examination might proceed. Thereupon evidence of the declarations of Ball was admitted. When the plaintiff had rested, the defendant moved to exclude such evidence, because there was no evidence, tending to show that Ball had any authority to act for the defendant in relation to the ditch or drain, or to bind the defendant by anything he said or did. The motion was over-ruled. It should have been sustained. The fact that Ball acted for the defendant in the lawsuit with Johnson, and that he settled for stock killed or injured, does not make him a general agent. He may have been an agent vested with full power and authority to bind the defendant in relation to special matters, but the evidence fails to show that he had any authority to act for the defendant as to the road-bed, ditches or drainage. Before the declarations of an alleged agent can be admitted in evidence against his principal, some evidence that he was authorized to act for his principal in relation to the matter in hand must be introduced.

IV. The point that the action is barred by the statute of SAME AS limitations is insisted on. This question must be NO. 2, ante. regarded as definitely settled by the opinion in the former appeal.

The rule as to the measure of damages was also then set-tled, and we are unable to see that there was evidence admit- 5. LANDLORD: ted for the purpose of establishing the amount interest of in the plaintiff was entitled to recover which was growing crops of materially prejudicial under the rule of the former tenant. opinion. As we understand, a portion of the crops injured belonged to one Fite, a tenant of the plaintiff. Such crops had not matured, and the jury found specially that the plaintiff had been allowed $32 as damages " to his interest in the corn put in by Fite," and the judgment included such amount. At the proper time the defendant moved to exclude all evidence in relation to the injury to Fite's crops. The motion was overruled. We think it should have been sustained. A landlord has no such interest in the growing

crops of his tenant as to enable him to maintain an action against a person who injures the crop. *Townsend v. Isenberger*, 45 Iowa, 670.

V. The charge of the court is criticised, but we have been unable to discover any well-grounded objections thereto,

6. INSTRUC-
TIONS: refer-
ring to plead-
ings for is-
sues: error
without prej-
udice.
unless, possibly, it can be said that the jury are referred to the pleadings for the issues. The court so fully stated the issues in the charge that the brief reference to the pleadings can hardly be said to be prejudicial. Be this as it may, the attention of the court having been called thereto, the objectionable reference will no doubt be omitted on another trial.

There is also an objection to paragraph thirty of the charge, which we think should be more specifically referred to. The

7. JURY: duty
as to conflict-
ing evidence.
paragraph is as follows: "You are the sole judges of the credibility of the witnesses, and the weight to be given to their evidence. If the evidence is conflicting, you should harmonize it, if you can consistently with the honesty of the witnesses. *But if you cannot so harmonize it, you are at liberty to say whom you regard as truthful and honest.*" The portion Italicized is objected to, and in relation thereto it is said that under it the jury may arbitrarily reject the evidence of any witness. It is due to the court to say that some directions in connection with the foregoing were given the jury which possibly remove the objections made to the instruction; but we think it was not as well guarded as the instruction which, to some extent, was condemned in *State v. Fowler*, 52 Iowa, 103. The jury should not reject the evidence of any witness simply because it is in conflict with the evidence of other witnesses; but they should determine, in the light of the story told, and all the circumstances, the very truth of the disputed proposition, whatever it may be.

For the reasons above stated the judgment of the district court is

REVERSED.