**622** SUPREME COURT OF UTAH. [Feb.

Murray Mt. & Lv. Stk. Co. v. Newhouse Rlty. Co. et al., 47 Utah 622.

## MURRAY MEAT & LIVE STOCK CO. v. NEWHOUSE REALTY CO. et al.

### No. 2842. Decided February 16, 1916. (155 Pac. 442.)

1. APPEAL AND ERROR—PRESERVATION OF EXCEPTIONS—GENERAL EXCEPTIONS. Where the only exception reserved to instructions was that defendant "preserved an exception to (certain) paragraphs of the charge," the exception was general and of no avail unless the whole of all the specified instructions was bad.[1] (Page 625.)

2. APPEAL AND ERROR—PRESERVATION OF EXCEPTIONS—SUFFICIENCY. General exceptions to a number of paragraphs of charge of court *held* insufficient to preserve for review the propriety of giving any of such instructions. (Page 625.)

3. TRIAL—INSTRUCTIONS—REPETITION. It is not error to refuse to give instructions which are mere repetition of those already given. (Page 626.)

4. TRIAL—CURE OF ERRORS—INADMISSIBLE EVIDENCE. Although the reply to a notice to a land owner to protect his walls on account of excavations contained immaterial and self-serving statements, it was not error to admit it with the restriction that the jury should consider the notice only, and not the facts stated therein. (Page 627.)

5. ADJOINING LANDOWNERS—RIGHT OF LATERAL SUPPORT—ACTIONS—EVIDENCE—ADMISSIBILITY. In an action for damages for impairment of lateral support by contractors in erecting a building on the adjoining lot, where the defendants claimed that they were under no duty to protect the plaintiff's wall, their contract with the adjoining owner was admissible in evidence to show their liability. (Page 627.)

Appeal from District Court, Third District; *Hon. C. W. Morse*, Judge.

Action by the Murray Meat & Live Stock Company, a corporation, against the Newhouse Realty Company, a corporation, and others.

Judgment for plaintiff against defendants Schravens. Defendants appeal.

---

[1] *Farnsworth* v. *U. P. Coal Co.*, 32 Utah, 112, 89, Pac. 74.

Appeal from Third District.

AFFIRMED.

*Jones, Brown & Judd* for appellants.

*Hurd & Hurd* for respondent.

STRAUP, C. J.

The plaintiff and the defendant Newhouse Realty Company are the owners of adjoining lots in the business district of Salt Lake City. The plaintiff has a warehouse and meat refrigerator plant on its ground, the north wall of which is near or on the division line of the two lots. As alleged by the plaintiff, the defendants, in making excavations on the realty company's property to erect a building thereon, negligently removed earth near and underneath the wall of plaintiff's building and injured it. Both defendants deny the alleged negligence. The realty company pleaded that its codefendants were independent contractors who, as such, made the excavations. The Schravens pleaded a counterclaim, in which they alleged that they had notified the plaintiff of their intention to make the excavations and warned it to protect its building and wall, but that it neglected to do anything in such respect, whereupon the Schravens themselves protected the wall by shoring, bracing, and propping it, for which they ask reasonable compensation. The case was tried to the court and jury, who rendered a verdict in plaintiff's favor for $650 against the defendants Schravens only. They appeal.

After stating that the plaintiff's right to recover was predicated on negligence, and after defining negligence, the court charged the jury:

"7. You are instructed that the owner of land can lawfully excavate up to the line thereof, although such excavation may endanger a building situated upon the adjoining land; but it is the duty of the owner before making such excavation to give to the owner of the adjoining land notice of his intention to make such excavation a sufficient time before commencing to enable such person to take such precautions for the protection of his building as may be reasonably necessary, and it is also the duty of the person making such excavation

to use ordinary care, skill, and caution to prevent injury to the building upon the adjoining land; and if the owner making such excavation gives such due and timely notice to the owner of the adjoining land, and exercises ordinary care, skill, and prudence in making such excavation, he is not liable for any damages resulting therefrom to the building upon the adjoining premises; but, if he should fail to give such notice, or should fail to exercise ordinary care, skill, and prudence in making such excavation, and such failure is the proximate cause of injury and damage to the adjoining buildings, then he would be liable for such damage.

"8. You are instructed that where one about to make an excavation notifies the adjoining landowner of such intention, and the adjoining landowner refuses or neglects to take the necessary steps to protect his building, such refusal and neglect does not excuse nor relieve the person making the excavation from the duty of exercising ordinary care, skill, and prudence in making the same; but, notwithstanding such neglect on the part of the adjoining owner, the person making the excavation would be liable for any and all damages which proximately resulted from any acts of negligence in making such excavations."

"11. You are instructed that as a matter of law the defendants J. F. and H. E. Schraven are not, under the evidence in this case, entitled to recover upon their counterclaim against the plaintiff, and you cannot therefore find any verdict for said defendants thereon; and you are also instructed that the plaintiff is not entitled to recover against the Newhouse Realty Company, and you cannot therefore find any verdict for the plaintiff against said defendant.

"12. If you should find for the plaintiff, you should award it such amount as from the evidence you may find its building, together with its refrigerating plant and machinery installed therein, was damaged, by any negligent acts of the defendants J. F. and H. E. Schraven in making the excavation complained of."

The only exception to these instructions by the appellants is:

"We reserve an exception to paragraphs 7, 8, 11, and 12 of the charge of the court as given."

Attempts, however, are made to complain of all of them, except No. 8. They relate to separate and distinct propositions. The exception is general as to all of them, and, **1, 2** under the repeated rulings of this court (*Farnsworth* v. *U. P. Coal Company,* 32 Utah 112, 89 Pac. 74, and cases there cited), is of no avail, unless the whole of all of the specified instructions is bad. Confessedly 8 is good, for, while it is assigned, yet nothing is urged against it. But it is earnestly urged that 11 is bad. Let us look at it. It itself contains two separate and distinct propositions: One, that the Schravens are not entitled to recover on their counterclaim; the other, that the plaintiff is not entitled to recover against the realty company. The whole of that instruction is not complained of. Complaint is made of only the portion denying appellants relief on their counterclaim. That is all that is urged against it. The portion denying the plaintiff relief as against the realty company is not complained of, nor is any attempt made to show that it is bad. Even had there been a general exception to the whole of paragraph or instruction No. 11, it would have been of no avail, since the paragraph contains two separate and distinct propositions, one of which only being claimed erroneous and nothing whatever urged against the other. Bad as such an exception would be, the one which was taken is still worse. When we look at 12, and when it is considered in connection with the whole charge, we see nothing wrong with that. And, indeed, very little is urged against it. The same conclusion is reached as to No. 7. It is not claimed that it is a misstatement of the law, or that the jury, in such respect, were misdirected. It is argued that it ought not to have been given because the Schravens were not the owners of the ground upon which the excavation was made; that the plaintiff had notice from the realty company a month or more before the commencement of the excavations that it intended to remove earth and erect a building; that since the realty company gave the plaintiff notice, and since, as is argued, the plaintiff relied on the realty company to protect its wall and manifested an intention not itself to do anything to protect it,

the appellants were not required to give the plaintiff any notice. But such questions, or arguments, are not pertinent to the charge. It is not open to the construction that, though the plaintiff had due notice from the realty company, yet the appellants also were required to give notice. The evidence respecting the suggested matters is in conflict. It is claimed, on the one hand, that the plaintiff had due and timely notice to protect its wall, and that it, for days and weeks, saw the excavations being made and the work carried on, and hence knew, or ought to have known, that in the ordinary prosecution of the work the support of its wall would be weakened; and therefore, without notice, ought to have taken necessary steps to protect its wall and building. On the other hand, it is contended, and evidence was given to support it, that, while the plaintiff saw the excavations being made, yet had no knowledge that they would be extended so near the wall as to injure it, and especially that any attempt would be made to remove earth underneath it, and that the realty company had promised that in making the excavations it would protect plaintiff's wall; and that when the appellants, in the forenoon, on a Saturday, notified plaintiff to protect its wall, they already had removed earth from underneath the wall and had injured it, and before the plaintiff had time that day, or the next, to procure some one to brace and protect the wall, the appellants, without affording the plaintiff an opportunity to protect its wall, extended the excavations underneath it and further damaged it. We thus do not see anything to the objections urged against paragraph 7. Since, therefore, under the general and wholesale exception, nothing is urged against paragraph 8, but a faint attack made on 12, and since 7 is found to be good, the exception is of no avail even as to the portion of No. 11 against which the chief assault is made. That is all we need say about the charge.

Further complaint is made of the court's refusal to give twelve or more of the appellants' requests. This may be said of them: The substance of some of them was given. Some of them were mere repetitions. Others the appellants were not entitled to. Still others, while containing matters standing alone proper enough to have been

given, yet were so mingled with objectionable matters as to render them improper.

Further points are made as to evidence. One of them relates to the written reply of the plaintiff to the written notice served on it by the appellants. It is not claimed that the whole of the reply, or that the fact of a reply, was immaterial or irrelevant. It is claimed that it contained matters which were immaterial and self-serving. The reply did contain immaterial and irrelevant matter; but the court took care of that in the charge, and also when the evidence was received, by restricting it merely to the question of notice, and admonished the jury not to consider the reply as evidence of any fact declared or stated therein.

Among other things, it was contended by the appellants that they owed the plaintiff no duty to protect the wall. To support a contrary contention, the plaintiff, over the appellants' objections, was permitted to put in evidence the written contract between the appellants and the realty company. Complaint is made of that. We think it was proper.

Various other complaints are made respecting certain questions propounded to witnesses and permitting their answers, over appellants' objections. Some of them are claimed to be objectionable on the ground that the questions "assumed something not proven," and "something contrary to the facts and existing conditions;" others, that the questions called for, and the answers made thereto were, mere conclusions, etc.; and, still others, that the plaintiff was permitted, on cross-examination, to interrogate one of the appellants respecting matters contained in the appellants' contract with the realty company. We have looked into these, but do not find that the court committed error, at least prejudicial error.

The judgment therefore is affirmed, with costs.

FRICK and McCARTY, JJ., concur.