## RYAN v. BEAVER COUNTY.

No. 5125. Decided May 1, 1933. (21 P. [2d] 858)

*S. D. Huffaker*, of Salt Lake City, and *W. B. Higgins*, of Fillmore, for appellant.

*Cline & Cline*, of Milford, for respondent.

MOFFAT, Justice.

This is an action at law. The case was tried to a jury. The action arose upon a contract between J. D. Ryan, plaintiff and appellant, and Beaver county, defendant and respondent. The contract is written. The county sought, in pursuance of Laws Utah 1927, chap. 69, and after declaring all abandoned horses within the county a public nuisance, and after advertisement, bids for the elimination of such horses. Ryan being the lowest bidder, Beaver county awarded the contract to him. By the terms of the contract Ryan agreed to eliminate all abandoned horses running at large in a certain district, described as district No. 3, in the western portion of Beaver county, Utah. The horses were to be delivered alive at the stockyards at Milford in carload

lots. In case there were some of the abandoned horses which it was impossible to corral or apprehend alive, the whole hide or hides were to be delivered. Price and conditions were specified. Some horses were delivered alive, some horses were killed, and some hides delivered. A dispute arose, plaintiff and defendant each claiming breach of contract. Plaintiff claimed that twenty-two hides had been delivered and not paid for. The price was $6 per hide. Plaintiff sought damages also for the claimed breach of contract.

A more detailed statement of facts or issues is not necessary, as the errors complained of go entirely to the instructions given or those refused by the court, except an alleged error in permitting the jury to take the records and files to the jury room.

With the exception noted the errors are based entirely upon the following exceptions:

(1) "Plaintiff excepts to the instructions as given by the court as a whole, for the reason that the same are not sufficient to cover the law in the case, in that it does not define estoppel, and does not apprise the jury in what cases and under what circumstances the defendant would be estopped if the facts warranted an estoppel."

(2) "Plaintiff also excepts to the failure of the court to give plaintiff's requested instructions No. 2, No. 3, and No. 4, because without said instructions the whole law of the case is not presented, and the failure to instruct the jurors that a breach of a contract must be a material breach before the defendant might rescind the contract is prejudicial to the rights of the plaintiff, and prevented the plaintiff from having all the law relative to the issues pleaded properly presented to the jury."

All of the assignments of error, with the exception above noted, are based upon the foregoing exceptions.

"It is no longer an open question in this court, as it has often been held in common with most courts, that in taking exceptions the portion that is excepted to must be pointed out. A mere exception to an instruction is an exception in solido to the whole instruction, and, unless the whole instruction is bad, the exception is unavailing for the purpose of having any particular part reviewed

and passed upon by this court." *Farnsworth* v. *Union Pacific Coal Co.*, 32 Utah 112, 89 P. 74, 77, and cases cited.

The same doctrine has been affirmed in subsequent cases, among which are *Murray Meat & Live Stock Co.* v. *Newhouse Realty Co.*, 47 Utah 622, 155 P. 442; *Shortino* v. *Salt Lake & Utah R. Co.*, 52 Utah 476, 174 P. 860; *Coke* v. *Timby*, 57 Utah 53, 192 P. 624. Nor is it error to ■ refuse to give instructions which are mere repetition of those already given. *Murray Meat & Live Stock Co.* v. *Newhouse Realty Co.*, supra; *Bunce* v. *Pace*, 61 Utah 74, 210 P. 984.

We have read the complete transcript of the evidence, and have compared all the issues made by the pleadings and checked all the instructions given by the trial court, and we are of the opinion the trial court fully and fairly covered all the issues presented. The instructions were liberally fair, if not favorable, to the plaintiff. Appellant complains that the court erred in entering judgment of no cause of action, "for the reason that plaintiff was under the undisputed evidence entitled to pay for twenty-two hides delivered at $6.00 per head." The defendant admits the delivery of twenty-two hides, but denies that the hides were taken from horses that could not be delivered alive, and denies that plaintiff had not been paid. Evidence was submitted upon the issues thus made, and instructions given to the jury fully covering the issues, and the evidence supports the verdict and judgment.

Plaintiff's requested instruction No. 4, as does also his exception taken to the instruction given and refused, refers to an alleged estoppel. What counsel refers to as an estoppel, infra, if sufficiently pleaded to make an issue, is an issue of fact and was so treated by the court in the instructions. The allegation in plaintiff's reply, and to which plaintiff's counsel evidently refer, is:

"Defendant is estopped from claiming any breach of, or right to rescind, repudiate or refuse to comply with the terms and provisions of said contract, for the reason that the defendant prior to the alleged

breach of said contract by plaintiff failed to comply with the terms of said contract."

Put simply: Who breached the contract first? The court fully and accurately instructed the jury upon the issues made, as applied to the evidence submitted.

This brings us to the assignment of error relating to the court permitting the jury to take the records and files to the jury room. Appellant cites and relies upon the case of *Pulos* v. *Denver & Rio Grande R. Co.*, 37 Utah 238, 107 P. 241, 248, Ann. Cas. 1912C, 218. We quote from that case:

"The court charged them that 'the amended complaint sets forth what the plaintiff claims with reference to the controversy, and the amended answer sets forth the defendant's version thereof. Both these are made a part of these instructions, and you are to refer to them for a particular statement in detail as to what each party alleges with reference to the controversy in question.' Following this, the court, after stating in 'general terms' the substance of the material allegations of the complaint, and the denials and averments contained in the answer, then also charged the jury: 'This brief description of the general nature of the cause of action alleged and the defenses set up thereto is not intended as a substitute for the statements contained in the complaint and answer, nor to relieve you of the necessity of consulting the complaint and answer for your guidance in determining the particular matters alleged as a cause of action or by way of defense.' "

Commenting upon the instructions and the practice, this court said:

"It is the duty of the court to construe pleadings and to charge the jury on the issues. It is not proper to permit the jury to take the pleadings with them to the jury room, unless they have been put in evidence as proof of some fact, and then they are taken, not because they are pleadings, but exhibits." And further: "To charge the jury that the complaint and answer are made a part of the charge, and that the jury must look to them to ascertain and determine the issues, is to require the jury to place their own construction upon the pleadings, and to determine the issues for themselves."

The jury is bound, on questions of law, to yield full obedience to the instructions of the court, and this applies as well

to that part of the charge defining the issues, as made by the pleadings, as to the law as declared by the court, and made applicable to the evidence as submitted. It is a necessary presumption that when a jury is instructed to consult the pleadings that the instruction is followed. We are, therefore, not disposed to depart from or modify the rule laid down in the case of *Pulos* v. *Denver & Rio Grande R. Co.*, supra.

Mr. Justice Straup, speaking for the court in the case of *Jensen* v. *Utah Railway Co.*, 72 Utah 366, at page 400, 270 P. 349, 362, states the following:

"However, where the committed error is of such nature or character as calculated to do harm, or on its face as having the natural tendency to do so, prejudice will be presumed, until by the record it is affirmatively shown that the error was not or could not have been of harmful effect. Thus, if the appellant shows committed error of such nature or character, he, in the first instance, has made a prima facie showing of prejudice. The burden, or rather the duty of going forward, is then cast on the respondent to show by the record that the committed error was not, or could not have been, of harmful effect. *State* v. *Cluff*, 48 Utah 102, 158 P. 701; *Jackson, Stone et al.* v. *Feather River & Gibsonville Water Co.*, 14 Cal. 19; *Thelin* v. *Stewart*, 100 Cal. 372, 34 P. 861; 2 Hayne, New Trial and Appeal (2d Ed.) pp. 1608-1614."

This rule is somewhat more exacting than as stated in some of the cases, especially those criminal cases construing section 9231, Comp. Laws Utah 1917.

We think it is error to permit the jury to take the pleadings to the jury room. Such error may or may not be prejudicial. In the instant case it is made to appear by affidavit of counsel for appellant that none of the pleadings or records or files were introduced in evidence, and were therefore not exhibits. It also appears from the affidavit that the judge gave to the jury the files containing the complaint, amended complaint, answer and amended answer, and that upon return of the jury into court, after having arrived at a verdict, the foreman of the

jury had the files in his hand and gave them to the clerk of the court with the verdict.

The court did not instruct the jury to make any examination of, or in any way refer to, or be guided by, what was in the pleadings. On the contrary, the court fully and rather completely summarized the issues as presented by the pleadings, and specifically directed the attention of the jury to the matters they must find. The instructions are complete and fully advised the jury and fairly submitted all the issues, presenting such situation that there was no occasion for the jury to make use of the pleadings or files, although available. In addition, the issues are simple and direct. The amended complaint contains a declaration upon a contract and alleges a breach thereof by the defendant. The amended answer contains certain admissions and alleges a breach on the part of plaintiff by way of defense. The reply denies the affirmative allegations of the answer relating to the defense. It is true the answer sets up a defense of payment not found in the amended answer. The issues and proof and matters covered by the instructions as submitted were such that, whether the alleged defense of payment were pleaded or not, the same proof must be submitted as to the defendant's defense based upon breach of the contract.

It is therefore difficult to see how the plaintiff's cause could have been affected even had the jury made an examination of the pleadings. Nothing appears in the instructions to charge error upon the court in reference to the pleadings. May we presume there was prejudicial error, because of the possibility of examination of the pleadings by the jury when it is difficult to find anything in the pleadings that could have resulted in prejudice had such opportunity been taken advantage of by the jury? Being properly charged upon all the issues the jury could not have been misled. The instructions submitted no part of the pleadings to the jury. The court did clearly define the issues and point the way to the jury and indicate the guideposts to aid them

in arriving at a verdict. *Myer* v. *Moon*, 45 Kan. 500, 26 P. 40; *Drake* v. *Chicago, R. I. & P. Ry. Co.*, 70 Iowa, 59, 29 N. W. 804; *Morrison* v. *Burlington, C. R. & N. Ry. Co.*, 84 Iowa 663, 51 N. W. 75. The jury were admonished by the court that they should arrive at their verdict *solely* (italics added) upon the evidence introduced, and that they should not be influenced by any evidence offered, but not admitted, nor by any evidence admitted if the same was afterward stricken out by the court.

Under our statutes the jury may take to the jury room the charge when it is in writing, and it must be returned with their verdict (Comp. Laws Utah 1917, § 6805), and also:

"Upon retiring for deliberation, the jury may take with them all papers which have been received as evidence in the cause, except depositions, or copies of such papers as ought not, in the opinion of the court, to be taken from the person having them in possession, and they may also take with them notes of the testimony or other proceedings on the trial, taken by themselves or any of them, but none taken by any other person." Comp. Laws Utah 1917, § 6809.

This provision is taken from the California Code of Civil Procedure, and in discussing a question similar to the one now being considered the California court took occasion to discuss the statute and collect a number of cases in the case of *Powley* v. *Swensen*, 146 Cal. 471, 80 P. 722, 726, to which reference is made for a discussion of the point. No provision is made for the taking of the pleadings by the jury to the jury room, and, such being the situation, it is a proper implication that papers not received in evidence should not be available to the jury upon their retirement to consider their verdict. As said in *Powley* v. *Swensen*, supra:

"We do not think the practice of allowing pleadings to be taken to the jury room a safe one, however the statute may be viewed; for it must be apparent to every practitioner that cases might arise where it would work prejudice, if this were permitted. In the present case no prejudice or injury was caused, and none is pointed out."

So in the instant case error is shown, and under the rule prejudice will be presumed until the record affirmatively

shows that the error was not or could not have been harmful. The record herein shows that no prejudice or injury or harmful effect could have resulted had the jury examined the files. The record herein supplies the duty or burden of going forward imposed upon defendant, that the error could not have resulted in prejudice or injury or be of harmful effect. The presumption may also be indulged that the jury, being properly instructed, followed the instructions of the court. There is no presumption that the jury did what they were not instructed to do. Prejudice or injury may not be presumed with no basis upon which to base such a presumption, the pleadings themselves containing no matters tending to prejudice either party to the controversy. *Walton* v. *Mays*, 33 Idaho 339, 194 P. 354. In a later Idaho case the court collects a number of cases in support of the rule as there stated:

"The appellant does not point out wherein such use of the pleadings was prejudicial, and the jury was elsewhere instructed, in substance, that they should base their verdict upon the evidence.

The court then quotes from *Walton* v. *Mays*, supra; *Continental Jewelry Co.* v. *Ingelstrom et al.*, 43 Idaho 337, 252 P. 186, 187.

We think the appellant has not the burden or duty of showing affirmatively any resulting prejudice or injury from permitting the pleadings to be taken to the jury room. We do think that prejudice or injury will not be presumed where the situation is such that it would do violence in the face of the record to indulge such presumption from what is shown. We do not condone the practice of permitting pleadings to be taken to a jury room; but find no prejudice or injury in the instant case, and, therefore, no sufficient error to warrant a reversal of the judgment.

The judgment of the trial court is therefore affirmed, respondent to recover costs on appeal.

ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

STRAUP, Chief Justice (concurring).

While I concur in the result reached that permitting the jury to take the pleadings on their retirement was not on the record prejudicial, yet I do not fully concur in all that is said in the prevailing opinion respecting the question. I think the correct rule is stated in the case of *Jensen* v. *Utah Ry. Co.*, 72 Utah 366, 270 P. 349, referred to in the prevailing opinion, and followed and approved in the case of *Clark* v. *Los Angeles & Salt Lake R. Co.*, 73 Utah 486, 275 P. 582.

The rule there stated is that a judgment will not be reversed for errors or defects which do not affect a substantial right; that the burden is on the appellant to show, not only error, but prejudicial effect as well; that all committed errors are not presumtively or prima facie prejudicial; but when found error is of such nature or character as calculated to do harm or on its face as having the natural tendency to do so, prejudice will be presumed, until by the record it is affirmatively shown that the error was not or could not have been of harmful effect; and, where the appellant shows error of such nature or character, he, in the first instance, has made a prima facie showing of prejudice, until by the record it is shown that the error was not or could not have been of harmful effect.

We all are agreed that error was committed in permitting the jury on their retirement to take the pleadings in the cause. This court so held in the Pulos Case cited in the prevailing opinion. Such is the general holding of the courts. Such found error is calculated to do harm, and on its face has the natural tendency to produce harmful effect. Pleadings are for the court, not for the jury. It is the duty of the court to determine the issues and to state them to the jury without referring to or permitting the jury to take the pleadings. As stated by the author, 1 Brickwood's Sackett on Instructions, 169:

"Pleadings are drawn in technical language and contain matter which may have been withdrawn, and sometimes have matter pregnant with denunciations and adjectives that might sway or influence the jury. It is not always easy for the court itself to understand the pleadings and certainly it would be too much to expect that the jury would not misunderstand them."

When pleadings are permitted to be taken by the jury, it is not practicable, if not incompetent, to show what use was made or effect given them, or what influence they had on the verdict. Since the committed error permitting the jury to take the pleadings was calculated to do harm, I think prejudice should be presumed, until by the record it was shown no such effect resulted. If by the record such presumption was not dissipated or overcome, the judgment, because of the committed error, should be reversed and the case remanded. If, however, the presumption was overcome, and if on the record the court is satisfied no prejudice of a substantial right resulted, the judgment should not be reversed on ground of the error.

The question thus is how or in what manner, on the record, if at all, was here the presumptive effect of prejudice overcome. The pleadings themselves were not voluminous nor complex. They were stated in ordinary and concise language, free from redundant or exuberant matter and from anything calculated to stimulate unnatural action. The court by its charge to the jury fully covered all the issues presented by the pleadings, and in such particular fairly stated the respective contentions of the parties. All of substance in the pleadings was stated in the charge. The jury by examining or reading the pleadings could not get anything more from them than was stated in the charge. Under such circumstance there is good authority that, while it was error to let the jury take the pleadings, yet no prejudicial effect resulted therefrom. 11 Encyc. Pl. & Pr. 157; 2 Thompson on Trials (2d Ed.) §2314; *Drake* v. *C., R. I. & P. Ry. Co.,* 70 Iowa 59, 29 N. W. 804; *Morrison* v. *B., C. R. & N. Ry. Co.,* 84 Iowa 663, 51 N. W. 75; *Kamm & Co.* v. *W. E. Sloan & Co.,*

72 Kan. 459, 83 P. 1103. I am in accord with that, and for such reason Í am of the opinion that the presumptive or prima facie effect of prejudice arising from the committed error was by the record dissipated. Had that not been the condition of the record. I think a different result should be reached. *Keatley* v. *I. C. Ry. Co.*, 94 Iowa 685, 63 N. W. 560.