## ROACH v. KYREMES.

No. 7315. Decided November 4, 1949. (211 P. 2d 181.)

See 4 C. J. S., Appeal and Error, sec. 334. Contributory negligence, walking on right shoulder as, see note, 93 A. L. R. 551. See, also, 5 Am. Jur. 758.

*Harry G. Metos,* Salt Lake City, for appellant.

*King & Anderson,* Salt Lake City for respondent.

LATIMER, Justice.

Plaintiff commenced this action to recover damages done to her person when struck by an automobile owned and operated by defendant. The accident happened on November 7, 1947, sometime between the hours of 6:30 and 7:30 in the evening. A few minutes prior to the accident, respondent and one Iva Marie Sickler alighted from a city bus on the northwest corner of the intersection on Twenty First South Street and Redwood Road in Salt Lake County, Utah. They were not acquainted with each other prior to this time, but in exchanging conversation on the bus, they discovered they were both going to walk southward on Redwood Road toward their respective homes. Miss Sickler's mother, however, had previously informed her daughter by telephone, that because a rather heavy rain was falling, she would drive along the road to meet her and that she, Miss Sickler, was to wear a white bandana so her mother could readily identify her in the dark. Miss Sickler invited respondent to walk with her and indicated that when her mother came along, plaintiff would be able to ride to her home with them.

After leaving the bus, the two women proceeded to a cafe on the southwest corner of the intersection and paused there to adjust bandanas on their heads before proceeding homeward along the road. Although the record is not entirely without dispute on the point, it appears that the evening was dark and a heavy rain was falling. The parties disagree concerning the clothing worn by the two women. Respondent and Miss Sickler claim that respondent was wearing a red bandana and a light grey coat and that Miss Sickler was wearing a white bandana. Appellant contends they were both wearing dark clothing.

Redwood Road from its intersection with Twenty First South Street to the place of impact is a two-lane paved black top highway thirty eight feet six inches wide with a one foot gravel shoulder on each side beyond which is a tapered dirt shoulder. There was a county sidewalk some twenty five feet east of the highway. Street lamps had been installed along the highway and it appears that the accident occurred at or near one of these lights. There was an old empty building just east of the sidewalk in the vicinity of the accident and respondent claimed she was afraid to use this walkway as someone had attacked her there some two months prior to the accident.

Because respondent felt she was unsafe walking by that building east of the sidewalk and because Miss Sickler's mother was to meet them on the highway, the two women proceeded southward on the highway. They both testified they walked out on the shoulder on the west side of the street; that Miss Sickler was nearest the paved portion of the highway and respondent was walking on her right. They testified that although they walked with their backs toward approaching traffic, they maintained a lookout by glancing over their shoulders for approaching headlights and as automobiles approached they moved farther off the road; and that they neither saw nor heard the appellant's car approach.

Appellant, on the other hand, testified that although it was raining, he had his headlights on and his windshield wiper operating. He said he could see nothing ahead of him except the yellow dividing line down the center of the highway and that he could see that line fifty or sixty feet ahead. He did not see the two women and first knew of the accident when he heard or felt his car crash into something. He stopped immediately to see what he had hit. He further testified he was driving at a speed which he estimates to be between fifteen and twenty miles per hour and that he drove down the highway within three feet of the center line; that he stopped his car within a very short distance after the impact which he estimates to be five to ten feet and that in stopping, his car continued in approximately the same straight direction down the road. When the police officers arrived, they found the front right wheel of his car on the western edge of the pavement and his rear right wheel three feet eight inches from the same edge.

Appellant first contends the court erred in failing to direct a verdict in his favor because respondent was guilty of contributory negligence as a matter of law by walking in or along the right hand side of the highway because in so doing, she voluntarily placed herself in a perilous position. In determining whether a plaintiff is contributorily negligent as a matter of law, the evidence and all reasonable inferences therefrom must be viewed in a light most favorable to the plaintiff. Considered from this standpoint, there is evidence that respondent and Miss Sickler were not walking on the main travelled portion of the highway but out on the west shoulder; that they maintained a lookout for approaching traffic by glancing to the rear; that they moved farther over on the shoulder as automobiles approached; and, that they saw no light from defendant's car nor did they hear it approach. Under circumstances such as these, it cannot be said that all reasonable men must conclude that respond-

ent failed to exercise due care for her own safety. In the case of *Chatelain* v. *Thackeray*, 98 Utah 525, 100 P. 2d 191, 202, we announced the rule to be as follows:

"Appellant's third, and final, contention is that the undisputed evidence in the case establishes that the plaintiff and his wife were guilty of contributory negligence. As appears from the rather detailed statement of facts given at the begining of this opinion, the evidence bearing upon that matter was in conflict, both as to matters of direct testimony and inferences to be drawn from facts and circumstances in evidence. Under such circumstances the trial court properly submitted the question of contributory negligence to the jury. The jury found against appellant on the issues thus presented, and we are bound by that finding, *Pence* v. *California Mining Co.*, 27 Utah 378, 75 P. 934; *Genter* v. *Conglomerate Min. Co.*, 23 Utah 165, 64 P. 362; *Angerman Co., Inc.*, v. *Edgemon et ux.*, 76 Utah 394, 290 P. 169, 79 A. L. R. 40; 4 C. J. 850."

Appellant next contends the court erred in giving its instruction number eleven in that it fails to fully state the law regarding the relative rights of automobile drivers and pedestrians using the highway. He did not, however, submit a requested instruction embodying his understanding of the law on this point nor did he indicate to the trial court wherein he claimed instruction number eleven to be erroneous. He simply took exception to the instruction as a whole. We have repeatedly held that under such an exception, unless the entire instruction is in error, it is not before this court on appeal for purposes of review. *Farnsworth* v. *Union Pacific Coal Co.*, 32 Utah 112, 89 P. 74; *Murray Meat & Live Stock Co.* v. *Newhouse Realty Co.*, 47 Utah 622, 155 P. 442; *Shortino* v. *Salt Lake & Utah R. Co.*, 52 Utah 476, 174 P. 860; *Coke* v. *Timby*, 57 Utah 53, 192 P. 624; *Ryan* v. *Beaver County*, 82 Utah 27, 21 P. 2d 858, 89 A. L. R. 1253. In the *Farnsworth* case we said. [32 Utah 112, 89 P. 77]:

"It is no longer an open question in this court, as it has often been held in common with most courts, that in taking exceptions the portion that is expected to must be pointed out. A mere exception to an instruction is an exception in solido to the whole instruction, and, unless the whole instruction is bad, the exception is unavailing

for the purpose of having any particular part reviewed and passed upon by this court."

Under this rule, we do not look to the instruction for the purpose of discovering a particular error, but merely consider whether the instruction is totally bad. We have read the instruction complained of and in finding the law correctly stated in part at least, we conclude the exception is not well taken.

Appellant next contends that instruction number twelve is prejudicial, confusing, argumentative and assumes as true facts stated therein. We have carefully read the instruction and conclude that none of the objections raised have merit.

The last error cited is the refusal of the court to give three of defendant's requested instructions. These instructions relate to the duty of the plaintiff to use due care for her own safety. Although these specific instructions were refused, the court adequately instructed the jury upon the question of contributory negligence. Admitting the validity of the rule urged by appellant that each party to an action is entitled to have the jury instructed with reference to his theory of the case where supported by competent evidence, the court's instructions on the question of contributory negligence, in substance embodies appellant's theory of contributory negligence and he cannot complain that the requested instructions were not given verbatim.

Judgment affirmed. Costs to respondent.

WADE, WOLFE and McDONOUGH, JJ., concur.

PRATT, Chief Justice (dissenting).

Among the errors assigned is number 4, attacking the giving of the following instruction.

"You are instructed that in determining whether or not the plaintiff was contributorily negligent in failing to act for her safety, as

an ordinarily reasonable and prudent person would have acted, you may take into consideration the following factors: the fear which plaintiff may have had of walking along the sidewalk; the fear which plaintiff may have had for her safety in leaving the highway to walk in unlighted areas; the fear which plaintiff may have had in crossing a wide, well traveled highway to reach the other side; the personal inconvenience involved to the plaintiff in crossing over 25 feet of muddy terrain to get to the sidewalk; the length of the distance which plaintiff anticipated walking along the right side of Redwood Road; evidence that plaintiff anticipated being picked up on the right side of Redwood Road by the mother of her friend."

Under the circumstances of this case, I think this instruction highly prejudicial to defendant's defense of contributory negligence. The evidence against plaintiff in this case was rather strong. Although she at times insisted that she was out on the shoulder of the road, she at one place remarked:

"We were not all the way on the pavement. We stepped over a little ways from the weeds."

This answer came to the following question:

"Didn't you say you would get on the paved highway and then when you heard a car coming you would move off?"

There was no evidence of any car marks indicative of the fact that defendant's car had ever left the pavement; and when it was stopped it was facing southwest as if going off the pavement rather than southeast or coming on the pavement. The mud on the pavement was indicative of a collision on the pavement.

In this instruction the court says that in determining whether or not plaintiff was contributorily negligent in "failing to act for her safety,"—and I want to emphasize that "failing to act for her safety"— various elements of fear about which she testified could be considered. The court's instruction number 9 gives two particulars wherein plaintiff is charged with being contributory negligent, or in other words, with "failing to act for her safety":

"(a) That plaintiff failed to keep a proper lookout for automobiles;

"(b) That plaintiff walked where an ordinary prudent woman, under the circumstances would not have walked."

Instruction number 12 applies "fear" to both of these—it makes no segregation between them, nor does it subdivide (b) between walking on the road instead of the sidewalk; and walking on the pavement instead of the shoulder of the road.

The impression created by the instruction is simply this: If plaintiff by reason of fear failed to look back for approaching cars or walked upon the pavement instead of the shoulder of the road then she did what an ordinarily prudent woman would have done under the same or similar circumstances even though the jury might have believed that, absent that fear, she was contributorily negligent.

Fear had no place in the picture except as explanatory of why she selected the road instead of the sidewalk to walk upon. The question is: How did she conduct her walk upon the road? The insertion of the element of fear into the measure of her alleged negligence—into the measure of what was reasonable under the circumstances, offers an element of excuse for a failure to live up to the ordinary standard of reasonableness; lowers that standard of care; and in a close case like this may have been the determining factor against defendant.

The case should be remanded for a new trial.