233 P.2d 1042

## DOLLARHIDE v. GUNSTREAM.

### No. 5416.

Supreme Court of New Mexico.

July 18, 1951.

Garland & Sanders, Las Cruces, for appellant.

W. C. Whatley, W. B. Darden, L. E. Oman, all of Las Cruces, for appellee.

COMPTON, Justice.

Appellant instituted suit for damages for the wrongful death of her husband resulting in an automobile collision. The jury

found the issues in favor of appellee. From an order denying her motion to vacate the judgment and grant a new trial, she appeals. Neither negligence nor contributory negligence is an issue.

The alleged errors are: (a) that the instructions were sent to the jury room without the request of either party to the case; (b) unauthorized communications between court and jury; and (c) improper cross-examination of appellant.

We briefly summarize the proceedings. The cause was submitted to the jury on an amended complaint, amended answer and reply. At the close of the case and before the jury retired to deliberate, the court announced that it was sending the pleadings, instructions and exhibits in writing to the jury room. Thereupon, appellant's counsel objected stating that in his opinion it would be prejudicial error to send photographs to the jury room; whereupon, the court announced that photographs (of vehicles) would not be sent. The court then started to deliver the remaining papers to the jury and appellant's counsel again objected, stating that he believed that it would be like error to permit photostat copy of the deceased's birth certificate to go to the jury room. In response the court again announced that such copy would not be sent to the jury room. Without further objections the pleadings, instructions and verdict were handed by the court to the jury as it retired to consider the case. Shortly after the verdict was returned, appellant's counsel examined the case file and found that it contained the mentioned pleadings, also appellee's superseded answer, all fastened together in some manner.

Section 19–101, 1941 Comp., Rule (51) (c), our Rules of Civil Procedure, provides: "The instructions given, whether as requested or of the court's own motion, shall be in writing, unless written instructions be waived by the parties. Except where instructions, whether oral or written, are waived, the judge in all cases shall charge the jury before the argument of counsel. *Upon request of either party the written instructions shall be permitted to go to the jury room.*" (Emphasis ours.)

Appellant relies upon State v. Beal, 48 N.M. 84, 146 P.2d 175. But the case is not regarded as authority for the question presented. In that case certain exhibits were sent to the jury room after the jury had retired and without the knowledge or consent of the defendant or his counsel and were actually considered by the jury in arriving at its verdict. In the instant case appellant's counsel was present, participated in the proceedings, and objections for the first time were made on motion for a new trial. It would therefore appear that the error complained of, if not invited, was waived. Errors of the trial court cease to be such in the appellate court if invited

or waived. Cunningham v. Springer, 13 N.M. 259, 82 P. 232. As we view the proceedings, the conduct of the parties before the trial court is equivalent to a request that the instructions be sent to the jury room.

It is next claimed that sending the original answer to the jury room amounted to a communication between the court and jury. The original answer alleges that the deceased, at the time of the collision and immediately prior thereto, was intoxicated and that the accident was the result of his intoxicated condition. The allegations in this respect are:

"3. That defendant is further informed and now believes that the said John F. Dollarhide at the time of the collision and immediately prior thereto was so intoxicated by indulgence in strong drink that he was to all intents and purposes unconscious and was not capable of driving and operating a motor vehicle on the highways, and that his intoxicated condition rendered him oblivious to traffic on the highway and to the rights and safety of others lawfully using the same.

"4. That the act of the said Dollarhide in becoming so intoxicated as to be to all intents and purposes unconscious and then proceeding to attempt the operation of a motor vehicle upon a heavily travelled transcontinental highway such as Highway 85 was and is and the manner of his operation of said motor vehicle, as hereinbefore alleged, was gross negligence and wanton misconduct was the proximate cause of the collision between the defendant's automobile and that of the said Dollarhide."

It is clear that appellee concluded that the original answer did not properly charge contributory negligence. An amended answer was filed by him in which the defenses of contributory negligence and unavoidable accident were specifically pleaded. A comparison of the original answer and the amended answer discloses that they are the same, save the mere introduction of such defenses.

The jury is permitted to take the pleadings in the case to the jury room, Section 19–823, 1941 Comp., and where declarations are substantially the same, in the absence of prejudice, the fact that both answers may have been delivered to the jury cannot be regarded as error. Swadling v. Barneson, 21 Wash. 699, 59 P. 506; Hall v. Rupley, 10 Pa. 231; Havlik v. St. Paul Fire and Marine Insurance Company, 87 Neb. 427, 127 N.W. 248; Gaither v. Carpenter, 143 N.C. 240, 55 S.E. 625; O'Connor v. Meyer, 66 Idaho 15, 154 P.2d 174. However, the court should not permit pleadings to go to the jury which have been eliminated by demurrer or paragraphs in a pleading which have been striken on demurrer, or pleadings not introduced in evidence. Trumbull v. Trumbull, 71 Neb. 186,

98 N.W. 683; Ryan v. Beaver County, 82 Utah 27, 21 P.2d 858, 89 A.L.R. 1253.

In our disposition of the question we have assumed that the superseded pleading by inadvertence was taken to the jury room, however, there is but little evidence, if any, to show that it reached the jury room. There is evidence that when appellant's counsel examined the case file, or folder, shortly after the verdict was returned, the answer was attached but there is no direct evidence that the objectionable pleading ever reached the jury room or that it was considered by the jury.

Another point urged is alleged error in overruling appellant's objection to the following questions and answers:

"Q. Did your husband drink to excess intoxicating liquor?

"Q. Mrs. Dollarhide, I believe the last question on the record was whether or not your husband drank to excess? A. He drinked a little.

"Q. Did he drink regularly? A. No, sir.

"Q. Every week? A. No, sir.

"Q. Did you and your husband have any trouble because of his excessive drinking? A. No, sir.

"Q. Did you ever have occasion to call for an officer from Hatch to protect yourself from your husband when he had been drinking? A. I had one time.

"Q. When was that, Mrs. Dollarhide, if you remember? A. I don't know.

"Q. Was it in September, 1949, or October? A. I don't remember.

"Q. Was it shortly before he was killed, sometime shortly before? A. I think it was two or three months before he was killed."

If there were any merit in appellant's claim of error in relation to this cross-examination, we should seriously question our right to disregard appellee's contention that she is in no position to present same on the record brought before us. But so convinced are we that the claim lacks merit, we feel disposed to state the reasons for so concluding.

■ In the first place, there is no evidence that the deceased had been drinking or was under the influence of intoxicating liquor at the time of and prior to the accident; but the cross-examination was proper for other reasons. The fact sought to be elicited by the examination was whether the life expectancy of appellant's intestate, his probable earnings during the residue of his life, considering age, health, ability, disposition, habits and expenditures were as appellant had testified. The Cerrillos Coal Railroad Company v. Deserant, Administratrix, 9 N.M. 49, 49 P. 807; Brockway v. Patterson, 72 Mich. 122, 40 N.W. 192, 1 L.R.A. 708; English v. Southern Pacific Company, 13 Utah 407, 45 P. 47, 35 L.R.A.

155, 57 Am.St.Rep. 772; Whipple v. Rosenstock, 99 Neb. 153, 155 N.W. 898, L.R.A. 1916D, 940. Also, see 9 A.L.R.Anno., 1407. Whether he drank to such an extent that it became necessary for peace officers to be called for her protection, was a proper subject of inquiry going to the measure of damages. We find no error in the ruling of the court.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.