ODIE JEFFERES AND FRANCES JEFFERES, APPELLANTS, *v.* IVAN CANNON AND ROBERT GRIPENTOG, RESPONDENTS.

No. 4778

December 4, 1964

397 P.2d 1

*Robert Callister,* of Las Vegas, for Appellants.

*Morse & Graves,* of Las Vegas, for Respondent Ivan Cannon.

*Singleton and DeLanoy,* and *Rex A. Jemison,* of Las Vegas, for Respondent Robert Gripentog.

## OPINION

By the Court, BADT, C. J.:

This is an appeal from a judgment based on jury verdict in favor of respondents, defendants below, in an action for damages for personal injuries alleged to have been suffered by appellant Frances Jefferes in a boat collision. The collision is alleged to have been caused by the negligence of respondents. The appeal is also from the order denying appellants' motion for new trial.

Appellants assign three errors in support of their appeal.

(1) They first assign error in the overruling of their objections to the cross-examination of appellant Frances Jefferes, asserting that the questions asked on cross-examination were irrelevant and immaterial. The questions asked were for the purpose of impeaching the witness' testimony and were based on prior testimony taken under oath. To illustrate the nature of the questions and the nature of the objections, counsel quotes verbatim not only in his opening brief but also in his reply brief some 14 or 15 pages of the record of such examination. We have carefully scrutinized the entire examination and have found that the cross-examination for impeachment purposes was justified. There is no merit to the claim that the overruling of objections to such questions was erroneous.

(2) Appellants' next assignment of error is in the overruling of objections to the direct testimony of Dr. Adrien Ver Brugghen in behalf of respondents. Dr. Ver Brugghen testified to an examination made of Frances Jefferes in connection with a claim made by her to the Nevada Industrial Commission for compensation growing out of a previous accident. Mrs. Jefferes had

testified in a deposition prior to trial that she had had no prior accidents and had made no prior claim to any person or organization for compensation. Appellants insist that the testimony was irrelevant and immaterial, as having to do with a prior injury and not the injury for which damages were sought, and that the testimony was simply an attack on the witness' character rather than on her credibility. Dr. Ver Brugghen testified that the plaintiff was feigning neck injuries involved in this claim to the Nevada Industrial Commission for compensation and that she had a trick control over her muscles which she utilized in feigning such injury. The record shows, however, that after the objection was made and after counsel for respondents had explained the purpose of the testimony, counsel for appellants stated to the court: "We will withdraw our objection, let the Doctor testify." The objection was patently waived. The assignment of error is without merit.

(3) The third and last assignment of error charges misconduct on the part of respondents, namely, that the two respondents during court recesses with their counsel were permitted to go to the bailiff's room, using the presiding judge's entrance to the courtroom, that they would partake of coffee therein, all within the view of the jury, and that the bailiff called defendant Robert Gripentog "Bob" during court recesses in the presence of members of the jury. This conduct, however, was not called to the attention of the presiding judge, nor was any objection made or any motion based thereon until motion for new trial was made, and these facts were brought out in plaintiffs' counsel's affidavit supporting motion for new trial. Whether such actions may or may not be said to comprise prejudicial misconduct, plaintiffs permitted the case to go to the jury without objection, and then made the charge of misconduct for the first time on their motion for new trial.

In Dollarhide v. Gunstream, 55 N.M. 353, 233 P.2d 1042, certain papers were improperly permitted to go to the jury room after the jury retired. The court said:

"In the instant case appellant's counsel was present, participated in the proceedings, and objections for the first time were made on motion for a new trial. It would therefore appear that the error complained of, if not invited, was waived. Errors of the trial court cease to be such in the appellate court if invited or waived."

If the acts complained of constituted misconduct, the same was waived by appellants' failure to call the same to the attention of the court with an appropriate objection or motion. This assignment of error is likewise without merit.

Many other matters are discussed in the briefs. Respondents call attention to the testimony of three witnesses to the effect that appellant Frances Jefferes was not in her boat at the time of the alleged collision, and that the alleged collision of respondents' boat with the rear of appellants' boat, which was tied up to the pier, could not have thrown Frances Jefferes forward six to eight feet as claimed, as such impact, if it had occurred, would have thrown her backward rather than forward; that an eye witness had testified that the impact was so slight that a two-year-old boy standing on respondents' boat did not even lose his balance, and that such evidence, combined with the impeachment of Frances Jefferes' testimony amply supported the verdict for the defendants. However, these and other matters do not require discussion, as we are simply concerned with the merits of appellants' three assignments of error.

The judgment and the order denying new trial are affirmed with costs.

McNAMEE and THOMPSON, JJ., concur.